*[1215]
 
 PER CURIAM.
 

 On February 10, 1976, defendant was sentenced to five years’ imprisonment. Execution of sentence was suspended and defendant was placed on probation for a like period. On June 23,1977, defendant’s probation was revoked and defendant was sentenced to five years’ imprisonment, the sentence to run consecutively to a sentence imposed subsequent to February 1976 on an unrelated conviction.
 

 The state concedes that in light of
 
 State v. Stevens,
 
 253 Or 563, 456 P2d 494 (1969), the circuit court was without authority to order that the sentence previously imposed upon defendant be executed consecutively to another sentence defendant had received between the imposition of the sentence in question here and the revocation of his probation. Had the order said that imposition of sentence rather than execution of sentence was stayed, the court would have retained the power to do what it did. As the state acknowledges, at the time the trial judge placed defendant on probation he unequivocally stated that he intended to suspend imposition of sentence. Nevertheless, the order (presumably prepared by the district attorney) which he subsequently filed imposed a five-year sentence and suspended only the execution thereof. Under
 
 State v. Swain/Goldsmith,
 
 267 Or 527, 530, 517 P2d 684 (1974), it is the unambiguous written order which must control regardless of evidence of contrary judicial intention.
 

 Remanded for resentencing.