Argued September 29, reversed November 14, 1978

STATE ex rel MOTOR VEHICLES DIVISION,
*Respondent,*
*v.*
HENIGAN, *Appellant.*
(No. 5922, CA 10589)

586 P2d 395

Garry L. Reynolds, Hermiston, argued the cause for appellant. With him on the brief was Donald G. Morrison, Hermiston.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Kathleen Dodds, Certified Law Student, Salem.

Before Schwab, Chief Judge, Lee, Richardson, and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Defendant appeals a judgment that he is an Habitual Traffic Offender. ORS 484.700 to 484.750. He contends a dismissal of a previous complaint, alleging the same cause of action, is a bar to the complaint in this case.

On June 17, 1977, the plaintiff filed a complaint alleging defendant was an habitual traffic offender based on five prior convictions under the traffic code. One conviction was alleged as follows:

> "(B) Driving while under the influence of intoxicating liquors, dangerous drugs or narcotic drugs as defined by subsection (2) of ORS 483.992 or ORS 483.999."

The matter was tried on September 13, 1977. After both parties had rested, defendant argued the plaintiff had failed to plead and prove the necessary elements of the cause of action. It is difficult to untangle defendant's argument. It appears he was contending that the allegation respecting the previous conviction for driving under the influence contained a reference to a statute which had been repealed, whereas his driving record showed a conviction which occurred after the effective date of the revised motor vehicle code.

Following further argument by both counsel, the plaintiff's attorney stated:

> "* * * Now I don't wish to argue the point. I believe it leaves me in the position of, if the decision is to accept the argument and dismiss, shoot it back to Motor Vehicles Division and see whether they wish to have it refiled."

The court orally dismissed the complaint without further comment. Subsequently the court signed an order which stated in part:

> "THE COURT FINDS after considering all matters presented that the above-named defendant is the person named in the Abstract on file herein, and
>
> "THE COURT FURTHER FINDS that the above-named defendant is not an Habitual Traffic Offender within the meaning of ORS 484.700 to 484.750."

On January 30, 1978, the plaintiff filed a complaint alleging the same cause of action as set forth in the previous pleading. The only difference in the two complaints was a change in the wording respecting the prior conviction for driving under the influence, to wit:

"(B) Driving while under the influence of intoxicants as defined by ORS 487.540."

Defendant's answer alleged the dismissal of the first complaint was a bar. The court, in denying defendant's claim, interpreted the previous order as a dismissal in response to plaintiff's implied motion for voluntary nonsuit.

Plaintiff argues that in the colloquy between court and counsel, plaintiff conceded the complaint was deficient and that should be considered as a motion for involuntary nonsuit. We decline the invitation to go behind an unambiguous order to determine what the plaintiff should have sought and what the court should have ruled in response. The court signed an order which adjudged defendant was not an Habitual Traffic Offender. Whatever may have been the substance of the oral colloquy between the court and counsel, the written order of the court is controlling. *State v. Swain/Goldsmith,* 267 Or 527, 517 P2d 684 (1974).

Plaintiff concedes if the court ruled on the merits of the first complaint that is a bar to another identical cause of action. Whether the court should have granted a motion for voluntary nonsuit, its order disposed of the case on its merits. The second complaint is barred. *See State v. Offet,* 36 Or App 865, 585 P2d 765 (1978).

Reversed.