Argued and submitted October 22, reversed and remanded for resentencing November 26, 1979

## STATE OF OREGON,
### *Respondent,*
### *v.*
## KRIS D. HALLIN,
### *Appellant.*

(No. C 78-04-06295, CA   14421)

602 P2d 1134

Donald P. Roach, Portland, argued the cause and ed the brief for appellant.

Douglas F. Foley, Certified Law Student, Salem, gued the cause for respondent. With him on the brief re James A. Redden, Attorney General, and Walter Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and hardson, Judges.

[401]

JOSEPH, P.J.

**JOSEPH, P.J.**

On August 15, 1978, a judgment was entered on defendant's conviction on a charge of felony hit and run. He was sentenced to five years; execution of the sentence was suspended and he was placed on probation. On January 15, 1979, an order was entered revoking probation and directing execution of the sentence previously imposed. On January 23, 1979, the court entered an "ORDER VACATING SENTENCE PREVIOUSLY IMPOSED AND GRANTING NEW PROBATION," which read in material part:

> "[T]he sentence previously imposed herein under date of September 15, 1978, and ordered executed by order of this court under date of January 15, 1979, be and the same is hereby vacated.
>
> "It is adjudged that imposition of sentence is suspended and defendant placed on probation ***."

On May 1, 1979, an order was entered revoking probation, imposing a five-year sentence and ordering execution of the sentence. The defendant urged upon the trial court that a new pre-sentence investigation was required under ORS 144.790(1) because the 1978 sentence had been vacated.

Although the record is perfectly clear that the trial judge did not intend on January 23 to go beyond merely reinstating defendant's probation, the order which he signed vacated the 1978 sentence. The order which the judge signed is controlling (*State v. Swain-Goldsmith,* 267 Or 527, 517 P2d 684 (1974)), and when the May order was made the court was acting as a "sentencing court" within the meaning of ORS 144.790. *State v. Gustafson,* 38 Or App 437, 590 P2d 73 (1979). The court was, therefore, required to order a new pre-sentence report.

Reversed and remanded for resentencing.