STATE OF OREGON,
*Respondent,*

*v.*

DANIEL L. COSSETT,
*Appellant.*

(No. C 76-10-14913, CA A20399)

636 P2d 442

Diane L. Alessi, Portland, argued the cause for appellant. With her on the brief was Ransom & Blackman, Portland.

Thomas H. Denney, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from an order revoking his probation and sentence of one year in the county jail.

There were two indictments in defendant's original trial, case no. 14909 and case no. 14913, both involving dissemination of obscene matter, which were consolidated for trial. The procedural steps which followed in these two companion cases are quite complicated and must be summarized here in order that the issues presented by this appeal be clearly understood.

Following the conviction in both cases on April 17, 1977, the judge merged all the counts of the indictment in case no. 14913 into Count I of that indictment for the purpose of conviction and sentence. He then suspended imposition of sentence in each case and placed defendant on concurrent five-year terms of probation with the Corrections Division. As a condition of probation, defendant was required to serve a six-month term of imprisonment in the county jail. This condition was executed.

On June 4, 1980, the judge ordered that defendant's probation be terminated early based on the recommendation of defendant's probation officer. Sometime thereafter the judge discovered that the termination order referred only to case no. 14909 rather than to both cases. On September 30, 1980, on the basis of certain information he had received, the judge ordered defendant to appear and show cause why the conditions of defendant's probation should not be modified by adding certain conditions.[1]

---

[1] The following is the text of the court's letter to defendant dated September 30, 1980:

"As you know, on April 13, 1977, after you had been found guilty by a jury of disseminating obscene material in the above case, and had also been found guilty of the same crime in case No. C76-10-14909, in each case I placed you on five years probation under the supervision of the Oregon State Corrections Division. Earlier this year, your probation officer recommended that you be granted an early termination of probation. I signed an order terminating your probation early in case No. C76-10-14909.

"Recently, it came to my attention, through another case, that you evidently are associating with people involved in other crimes. I discovered that your probation in case No. C76-10-14913 was not terminated early, and therefore will not expire until April 13, 1982.

Defendant objected and moved to quash the judge's action for want of jurisdiction, contending that his probation in both cases was terminated by the previous termination order and that, therefore, defendant was no longer subject to the jurisdiction of the court. Defendant also requested the judge to recuse himself, which he refused to do. Defendant then applied for a stay of the "show cause" proceedings pending a resolution. Defendant's motion to quash was denied by the presiding judge of the circuit court. Defendant then petitioned the Supreme Court for an alternative writ of mandamus to direct the judge to recuse himself and for a stay of all proceedings pending the Supreme Court's decision on the writ. On October 27, 1980, the Supreme Court temporarily stayed all proceedings.[2]

On October 28, 1980, however, the judge proceeded to conduct a hearing on the prior "show cause" order. Following the hearing, he ordered defendant to resubmit to supervision by the Corrections Division, stating that it was his understanding that the Supreme Court's stay applied only to whether additional conditions could be added. In the colloquy that followed defendant's objection to the proceedings during the stay, the judge informed defendant and his attorney that if defendant did not resubmit himself to supervision immediately his probation would be revoked.

On November 25, 1980, the Supreme Court denied defendant's petition for the writ and dissolved the stay. On November 26, the judge issued a warrant for defendant's arrest, and on December 2, defendant surrendered and was incarcerated. On December 5, a revocation hearing was

---

"Because of the information I've received, I am directing the Oregon State Corrections Division to resume your supervision in that case. Further, because I'm concerned about that information, you are hereby ordered to appear in that case before me at 9:00 a.m. Tuesday, October 28, 1980 in Room 702, Multnomah County Courthouse, 1021 SW Fourth Avenue, Portland, Oregon, to show cause why the conditions of your probation should not be modified to add a requirement that you submit to polygraph examination upon demand of your probation officer and that you submit to search of your person, residence, place of business, vehicles and any premises or vehicle in which you may be."

[2] The following is the Supreme Court's stay order:

"* * * * *

"* * * the Supreme Court has today ordered that all proceedings in Multnomah County case Nos. C-76-10-14909 and C-76-14913 be stayed pending further order of the Supreme Court dissolving this stay. * * *"

held, and the judge found that defendant was in violation of his probation in case no. 14913, ordered it revoked and sentenced defendant to one year's imprisonment in the county jail.

The thrust of defendant's argument on appeal is that, when the judge ordered defendant's probation to be terminated early and notified him of this action, the entire probation was terminated, even though the order referred to only one of defendant's original case numbers and, further, that the judge had no jurisdiction to order a resumption of probation supervision while the Supreme Court's stay was in effect. He also asserts that his refusal to resubmit to supervision was upon the advice of his attorney and was therefore not willful.

Based upon our examination of this record, we reach the following conclusions.

■ (1) Termination of probation in case no. 14909 could not effect the termination of probation in case no. 14913. *State v. Swain/Goldsmith,* 267 Or 527, 517 P2d 684 (1974); *State v. Hallin,* 43 Or App 401, 602 P2d 1134 (1979); *Burke v. Children's Serv. Div.,* 39 Or App 819, 823, 593 P2d 1262 (1979), *aff'd* 288 Or 533, 607 P2d 141 (1980).

(2) The judge was acting within his powers on September 30, 1980, in directing the Corrections Division to resume supervision of defendant in case no. 14913 and in directing defendant to show cause.

■ (3) The Supreme Court's stay order applied to "all proceedings in Multnomah County case Nos. * * * 14909 and * * * 14913 * * *." Therefore, it was error for the judge to conduct any proceedings in either case while the stay order was in effect.

The judge ordered defendant's probation revoked for the sole reason that defendant failed to submit to the Correction Division's supervision. The judge stated:

"I ordered Mr. Cossett's supervision resumed. That order was entered before any stay was entered. It was in effect throughout the time the mandamus proceeding was proceeding.

"I conclude that Mr. Cossett failed to make himself available for supervision and I conclude that that constitutes a violation of the conditions."

Contrary to the conclusions of the judge, defendant was not ordered to resume supervision prior to the October 28, 1980, hearing. The September 30 letter to defendant from the judge did not order defendant to resume supervision but instead indicated that the judge was "directing the Oregon State Corrections Division to resume you[r] supervision." A witness employed as a Clackamas County Probation officer testified that even after the September 30 letter, he did not resume supervision of the defendant:

"Q. Did [defendant] do that approximately the 1st of October or about that time?

"A. Yes, he reported to my office and explained by phone — well, he came into the office and explained the circumstances.

"Q. All right. And what, if anything, did you tell him at that time?

"A. I asked him if he was in contact with an attorney. He said he was.

"Q. Okay. Did you in fact seek to get your file back to start the probation supervision again?

"A. Did I what, Counselor?

"Q. Did you try to get your file? I think you previously testified that it was closed and sent back to Records or something?

"A. Yes, I tried to search the file out, but I determined that — my supervisors told me that the file was sent to Portland for supervision.

"Q. Okay. Did Mr. Cossett maintain contact with you after September 30th until you told him that apparently you weren't going to be involved anymore?

"A. Yes, he did call me a couple of times on the phone. I then informed him that we didn't have supervision. We didn't have official supervision. The file was sent in to Portland."

Further, on cross-examination, the witness testified:

"Q. Did you tell Mr. Cossett that he would be contacted by someone else?

"A. I don't recall making that statement.

"Q. Were you aware that he had been contacted by somebody else?

"A. I was aware of the fact that he would when the file was sent in, that Peggy McGinnis — well, she would contact the Defendant or supervise the contact or that the attorney would be in contact with the Corrections Division.

"Q. Did you tell Mr. Cossett that someone would be in contact with him?

"A. I do not even recall making that statement, ma'am."

The only other contact between the Corrections Division and defendant prior to the October 28 hearing was a telephone conversation between Peggy McGinnis of the Corrections Division and defendant. Ms. McGinnis testified that she called defendant asking to meet with him before the October 28 hearing. The record does not indicate that defendant was ordered to resume supervision during the telephone conversation, nor does it indicate whether in fact defendant attended any meeting with Ms. McGinnis prior to October 28.

Thus, the first time defendant was actually ordered to resubmit himself to the supervision of the Corrections Division was during the October 28 hearing. As we have already pointed out, the Supreme Court's stay order applied to "all proceedings in Multnomah County case Nos. * * * 14909 and * * * 14913." Therefore, it was error for the judge to conduct any proceedings or make any orders while the stay order of October 27 was in effect.

Summarizing, while defendant is to be considered as still on probation in case no. 14913, the order of October 28 directing defendant to resubmit himself to the supervision of the Corrections Division, was ineffective, as were all proceedings based thereon.

Accordingly we reverse and remand for further proceedings not inconsistent with this opinion.

We express no opinion on defendant's contention that he need not comply with an order to resubmit himself to probation supervision when he refused on the basis of legal advice from his attorney.

Reversed and remanded for further proceedings.