Submitted on record and briefs February 10, affirmed May 11, 1988

LUNDSTEN,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(8610304158; CA A43928)

754 P2d 592

Jon S. Hendrickson, Gladstone, submitted the brief for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem, submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Petitioner seeks review of a Motor Vehicles Division (MVD) order revoking his driving privileges for five years after his conviction for criminally negligent homicide with a motor vehicle. We affirm.

After pleading guilty, petitioner was sentenced on May 23, 1985. Fifteen months later, on August 11, 1986, the Clackamas County District Attorney sent a record of the conviction to MVD, which responded by revoking petitioner's driving privileges for five years, effective November 2, 1986.

When petitioner's conviction was entered, *former* ORS 482.430[1] provided, in pertinent part:

"(1) The division forthwith shall revoke, for a period of time as set forth in ORS 482.500, any person's permit or license or right to apply to operate motor vehicles upon receiving a record of the conviction of such person of any of the following offenses:

"(a) Any degree of murder, manslaughter, criminally negligent homicide or assault if the offense results from the operation of a motor vehicle.[2]

"* * * * *

"(6) If a defendant is before the court for sentencing upon conviction for any offense that is grounds for mandatory revocation or suspension under this section, the judge shall immediately take possession of any driver's license or permit held by the defendant that was issued by any jurisdiction, and shall issue an order of revocation or suspension. If mandatory revocation or suspension will result from the conviction, the court shall revoke or suspend the license or permit or right to apply for the required period. The judge shall immediately send the license or permit, a copy of any order entered by the court and notice of the conviction to the division. Any suspension or revocation of the defendant's license or permit or right to apply shall become effective on the date on which the court takes possession of the license or permit and issues the order

---

[1] *Former* ORS 482.430 was *repealed by* Or Laws 1983, ch 338, § 978 and *replaced by* ORS 809.410, effective January 1, 1986. Or Laws 1983, ch 338, § 353; *as amended by* Or Laws 1985, ch 16, § 166.

[2] *Former* ORS 482.500(1)(b)(A), like current ORS 809.410(1)(b)(A), set a five-year revocation period for a conviction for criminally negligent homicide.

of revocation or suspension or on the date otherwise ordered by the court."

*Former* ORS 482.480(2) provided that the convicting

"court must forward the record of conviction containing the date of any offense, any arrest and conviction. The record must be forwarded to the division within 24 hours of the time the defendant was sentenced by the court."[3]

Petitioner assigns as error MVD's revocation of his driving privileges for five years, beginning almost 18 months after his sentencing. He asserts that, because of the time lapse between his sentencing and MVD's receipt of the notice, which came from the District Attorney and not the trial court, revocation has the unfair effect of suspending his driving privileges for six and one-half years, rather than five years as required by statute. He also argues, for the first time on appeal, that, under the statutory scheme, the convicting court's failure to forward the record of conviction to MVD within 24 hours of sentencing precludes MVD from complying with its mandatory obligation to revoke his driving privileges pursuant to *former* ORS 482.430. Even if petitioner had preserved that argument below, we need not address it, because there is no evidence in the record that the actual revocation of petitioner's license exceeds the mandatory five-year period provided for by *former* ORS 482.500(1)(b)(A). The trial court's written sentencing order does not mention suspension or revocation, and there is no evidence that the trial court ever took possession of petitioner's license at the time of sentencing. Even if, as petitioner asserts, the trial court had orally purported to suspend his driving privileges, the written sentencing order controls. *See State v. Swain/Goldsmith,* 267 Or 527, 517 P2d 684 (1974); *State v. Mossman,* 75 Or App 385, 706 P2d 203 (1985).

Affirmed.

---

[3] *Former* ORS 482.480 was *repealed by* Or Laws 1983, ch 338, § 978, and *replaced by* ORS 810.370, effective January 1, 1986. Or Laws 1983, ch 338, § 384, *as amended by* Or Laws 1985, ch 16, § 199 and Or Laws 1987, ch 138, § 1. The old and new pertinent statutory provisions are substantially similar. ORS 810.370 also requires the convicting court to forward a record of a conviction to MVD within 24 hours of sentencing.