Argued and submitted December 14, 1987, affirmed May 18, 1988

# LYVER,
*Petitioner,*

*v.*

# MOTOR VEHICLES DIVISION,
*Respondent.*

(861029-4137, 861029-4138, 861029-4139;
CA A44473 (Control), A44474, A44475)
(Cases Consolidated)

754 P2d 594

Jack Bernstein, Gladstone, filed the brief for petitioner.

Timothy Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman,* Judges.

ROSSMAN, J.

* Rossman, J., *vice* Young, J., deceased.

## ROSSMAN, J.

Petitioner seeks review of a Motor Vehicle Division (MVD) order suspending his driving privileges for one year for his convictions of Manslaughter I, Assault IV and Driving Under the Influence of Intoxicants. This case involves the same issue as *Lundsten v. MVD,* 91 Or App 95, 754 P2d 592 (1988).

After a fatal automobile accident, petitioner was convicted of the crimes on September 1, 1983. Almost three years later, on August 11, 1986, the Clackamas County District Attorney's office sent a record of the convictions to MVD, which thereupon revoked petitioner's driving privileges for one year, effective November, 1986, pursuant to ORS 809.410(1).

Petitioner argues, on review, for the first time, that MVD erred in suspending his driving privileges after notice of the convictions, because the notice was not sent to MVD within 24 hours after sentencing, pursuant to *former* ORS 482.480(2).[1] He contends that *former* ORS 482.480(2) was intended as a statute of limitations. As in *Lundsten v. MVD, supra,* even if petitioner had preserved his statutory argument below, we need not reach it, because the actual suspension period does not exceed that required by statute. Under *former* ORS 482.430 and *former* ORS 482.500(1)(b)(A), MVD should have revoked petitioner's driving privileges for five years for his conviction of manslaughter.[2] Had there been no delay in MVD's receipt of the record of conviction, and had MVD imposed a five-year revocation, the revocation would have ended in August, 1988. In fact, the actual revocation was for only one year, ending November, 1987. Petitioner has suffered no prejudice.

---

[1] *Former* ORS 482.480 was *repealed by* Or Law 1983, ch 338, § 978, and *replaced by* ORS 810.370, effective January 1, 1986. Or Laws 1983, ch 338, § 384, *as amended by* Or Laws 1985, ch 16, § 199 and Or Laws 1987, ch 138, § 1. The pertinent old and new statutory provisions are substantially similar. ORS 810.370 also requires the convicting court to forward a record of a conviction to MVD within 24 hours of sentencing.

[2] *Former* ORS 482.430 and *former* ORS 482.500 were *repealed by* Or Laws 1983, ch 338, § 978 and *replaced by* ORS 809.410, effective January 1, 1986. Or Laws 1983, ch 338, § 353, *as amended by* Or Laws 1985, ch 16, § 166. The hearings officer noted that a question remains as to why MVD imposed only a one-year revocation.

Affirmed.[3]

---

[3] Petitioner's second argument, that MVD was estopped from suspending his driving privileges for one year in 1986, because it had already done so in 1983 as a result of the same fatal accident, is without merit.