# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL DOWNS,
*Appellant.*

## (85-1130, 85-1211, 86-1001; CA A42623)

762 P2d 1060

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

■. Defendant appeals from an amended judgment issued after his probation was revoked, arguing that the court was without authority to amend the original sentence. The original written judgment imposed a 10-year term for burglary in the first degree, a five-year term for burglary in the second degree, to be served consecutively, and a five-year term for assault to run consecutively with the burglary sentences.[1] The court also imposed a minimum term of ten years on the burglary charges without specifying whether it was on either or both charges. The court then suspended execution of the sentences and placed defendant on probation for five years.

Defendant's probation was subsequently revoked. At the time of the revocation, the trial court recognized that its imposition of a ten-year minimum sentence on the first and second degree burglaries was incorrect[2] and amended the judgment. The court ordered execution of the original sentence and imposed a five-year minimum for burglary in the first degree, a two and one-half year minimum for burglary in the second degree and a two and one-half year minimum for theft in the first degree, with the minimum sentences to run consecutively.[3]

ORS 137.550(4) governs the imposition of sentence after probation is revoked. It provides:

"The court that imposed the probation, after summary hearing, may revoke the probation and suspension of sentence

---

[1] The trial court orally indicated that the sentence on the assault conviction was to be served concurrently with the burglary sentences. However, the written judgment indicates that the assault sentence is to be served consecutively to the other sentences. The terms of an unambiguous written judgment control over the trial court's oral statements. *State v. Mossman,* 75 Or App 385, 387 n 1, 706 P2d 203 (1985).

[2] Defendant argues, in his second assignment of error, that this error requires reversal of the minimum sentence. We do not reach that issue, however, because this appeal is only from the amended sentence, in which the trial court revised the minimum terms and ordered that they be served consecutively, and not from the original imposition of the minimum terms. The original sentence was not appealed by defendant.

[3] The amended sentence imposes a five-year sentence with a two and one-half year minimum on a theft charge. Although there was a valid conviction for the theft charge, the original written judgment did not impose a sentence on that charge. On appeal, neither party contends that the court erred in imposing the theft sentence.

and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed."

We have held generally that the original sentence may not be changed when probation is revoked. *State v. Stevens,* 253 Or 563, 565, 456 P2d 494 (1969). The only exception has been for clerical errors, which this was not. *State v. Mossman,* 75 Or App 385, 706 P2d 203 (1985).

Defendant argues, relying on ORS 137.122(1), that, because the original sentence failed to state whether the minimum sentences for burglary in the first degree and burglary in the second degree were to be served consecutively or concurrently, they are presumed to be concurrent. Therefore, defendant contends, under the original judgment the 10-year minimum presumably would have been split with a five-year minimum for the burglary in the first degree and a five-year minimum for the burglary in the second degree, to be served concurrently. Thus, according to defendant, he would have served five years on the minimum sentence portion of the original judgment. He argues that the amended sentence is invalid under the rule in *State v. Stevens, supra,* because it increases the amount of time that defendant will have to serve by ordering that the three minimum terms be served consecutively, resulting in a 10-year minimum sentence. We do not agree.

The mandate in ORS 137.122(1), that "[a] term of imprisonment shall be deemed to be a concurrent term unless the court's order expressly provides for consecutive terms," applies by its terms only to the underlying sentence for each crime, but not to a minimum imposed pursuant to ORS 144.110(1). The trial court's judgment that the underlying sentence is to be served concurrently or consecutively controls whether a related minimum term will be served consecutively or concurrently. In this case, the original judgment ordered that the 10-year sentence for first degree burglary and the five-year sentence for second degree burglary be served consecutively. Accordingly, the minimum terms were to be served consecutively.

Although the original imposition of minimum terms

was erroneous, defendant did not challenge the original sentence by appeal and might have served ten years on the minimum sentence portion of that sentence. Consequently, the amended sentence did not change or increase the net effect of the original sentence. The trial court merely corrected the judgment to impose the same sentence in a lawful manner without increasing the time to be served.

Affirmed.