Argued and submitted July 31, conviction affirmed; remanded for resentencing
November 4, 1992

STATE OF OREGON,
*Respondent,*

*v.*

DARRYL DOUGLAS GOUVEIA,
*Appellant.*

(C91-07-33428; CA A72370)

840 P2d 753

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Defendant appeals his conviction, on a plea of no contest, of unlawful sexual penetration in the first degree. ORS 163.411. The crime was alleged to have occurred between August 1, 1988, and October 1, 1989. The court sentenced defendant as a dangerous offender to 30 years imprisonment with a 9 year minimum term under ORS 144.110. The judgment provided that the sentence was to be served "pursuant to ORS 137.635."

Because defendant committed the crime before November 1, 1989, the sentencing guidelines do not apply. ORS 137.010(1). Defendant argues that, because the crime was committed before ORS 137.635 took effect, that statute is also not applicable.

The state concedes that the statute does not apply but argues that defendant did not raise the issue in the trial court. We address the error, because it is apparent on the face of the record and defendant was substantially prejudiced when he was sentenced under a statute not yet in effect.

The state also argues that the dangerous offender sentence and the minimum term are otherwise lawful and are not challenged by defendant. It contends that the reference to ORS 137.635 can have no effect on the sentence, because defendant will be required to serve the minimum term. However, a minimum sentence imposed pursuant to ORS 137.635 carries certain disadvantages to a defendant that a term imposed under ORS 144.110(1) does not. Under ORS 137.635, a defendant cannot be released on parole before expiration of the determinate sentence. Conversely, a minimum sentence under ORS 144.110(1) is subject to alteration by an affirmative vote of the Board of Parole. ORS 144.110(2). There is a potential unlawful adverse effect on defendant's term of imprisonment if the order that he serve the sentence under ORS 137.635 remains.

Conviction affirmed; remanded for resentencing.