Argued and submitted September 30, 1992, condition of probation vacated and remanded for resentencing; otherwise affirmed March 10, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT DEMPSIE SHEFLER,
*Appellant.*

(CC90-1349, CC90-1350;
CA A69916 (Control), A69917)

847 P2d 417

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of two counts of delivery of a controlled substance, ORS 475.992(1)(a), and two counts of possession of a controlled substance. ORS 475.992(4)(a). He appeals, making three assignments of error. We address only the third assignment.

Defendant contends that, the trial court erred by delegating its sentencing authority to a probation officer. In addition to 60 days in jail time imposed on each conviction for delivery of a controlled substance, the court ordered, as a special condition of probation, that "defendant shall receive an additional 60 custody units *to be utilized at the discretion of his probation officer.*"[1] (Emphasis supplied.) Defendant argues that nothing in the sentencing guidelines authorizes the court to make such a delegation. The state agrees. We accept the state's concession. OAR 235-05-012(3)(b); *cf. State v. Stephens*, 47 Or App 305, 312, 614 P2d 1180 (1980).

The condition of probation that 60 custody units are to be utilized at the discretion of a probation officer vacated and remanded for resentencing; otherwise affirmed.

---

[1] The additional 60 custody units are those remaining after 60 custody units are deducted, for the jail time ordered, from the 120 custody units authorized by OAR 253-05-011(2)(b).