**STATE OF OREGON,**
*Respondent,*

*v.*

**BRIAN LEROY CARR,**
*Appellant.*

(92-1046; CA A74940)

863 P2d 1316

■

■

Louis R. Miles, Deputy Public Defender argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Deits and Edmonds, Judges.

PER CURIAM

■

## PER CURIAM

Defendant was convicted of perjury in a court trial, based on a notarized assertion he made on a construction lien notice against a third party. ORS 162.065. We affirm.

Defendant first argues that the trial court erred in denying his motion for judgment of acquittal on the ground that there was no evidence that he made a sworn statement. A "sworn statement" is "any statement knowingly given under any form of oath *or affirmation attesting to the truth of what is stated*." ORS 162.055(4). (Emphasis supplied.) Although defendant was not administered a formal oath, there is evidence that he signed the jurat portion of the notice where he affirmatively attested that "I have knowledge of the facts therein set forth" and that "all statements made in said instrument are true and correct as I verily believe." The trial court did not err.

Defendant also argues that the trial court improperly delegated its authority to defendant's probation officer to use with discretion the additional 90 custody units it imposed. Despite defendant's failure to preserve the error below, the state concedes that the trial court did not have authority to impose that condition. *See State v. Shefler*, 118 Or App 536, 847 P2d 417 (1993). We have discretion to review unpreserved errors of law that are apparent on the face of the record. ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991); *State v. Brown*, 310 Or 347, 800 P2d 259 (1990). We decline to exercise our discretion to review the error in this case.

Affirmed.