Argued and submitted April 28, convictions affirmed; remanded for resentencing
December 22, 1993

STATE OF OREGON,
*Respondent,*

*v.*

TODD SHANE GRAHAM,
*Appellant.*

(92C20046; CA A75449)

865 P2d 490

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant pleaded guilty to two counts of burglary in the first degree. ORS 164.225. He appeals from concurrent sentences of 60 months in prison, imposed pursuant to ORS 137.635.[1] He argues that the court erred in failing to sentence him according to sentencing guidelines. The state concedes that, under *State v. Haydon*, 116 Or App 347, 842 P2d 410 (1992), the court did not have the authority under ORS 137.635(1) to impose a sentence that is longer than that authorized by the guidelines.

We first address whether the sentence resulted from a plea agreement. If so, we may not review it. ORS 138.222(2)(d); *State v. Adams*, 315 Or 359, 847 P2d 397 (1993). The plea petition said, in part:

"In return for my pleading [Guilty] to this crime, the District Attorney has agreed to do the following things:

"[Ballot Meas. 4 Candidate. PSI and state free to recommend.]" (Bracketed material handwritten.)

The state contends that "the record in this case is insufficient to establish that defendant and the state entered into 'an agreement' with respect to the 5-year sentences within the meaning of ORS 138.222(2)(d)." We agree. Unlike in *State v. Hallinan*, 125 Or App 316, 865 P2d 449 (1993), the recitals in the plea petition do not establish that the state made any

---

[1] As pertinent, ORS 137.635 provides:

"(1) When, in the case of a felony described in subsection (2) of this section, the court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but * * * the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. * * * The sentence shall not exceed the maximum sentence otherwise provided by law in such cases. * * * The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120.

"(2) Felonies to which subsection (1) of this section apply include and are limited to:

"* * * * *

"(h) Burglary in the first degree, as defined in ORS 164.225."

concession to secure the guilty plea, and there is no other evidence of an agreement.

Defendant concedes that he did not object to imposition of sentence under ORS 137.635. However, we exercise our discretion to address the error. It is an error of law apparent on the face of the record, ORAP 5.45(2), and defendant was substantially prejudiced when he was sentenced to a term of imprisonment not authorized by ORS 137.635. *See State v. Carr*, 125 Or App 270, 863 P2d 1316 (1993); *State v. Gouveia*, 116 Or App 86, 840 P2d 753 (1992). We accept the state's concession of error.

We decline to address the state's cross-assignment of error, ORAP 5.57(2), regarding the placement of the convictions on the crime seriousness scale. Placement was not an issue at the sentencing hearing. We must remand the entire case for resentencing, ORS 138.222(5); *State v. Dvorak*, 124 Or App 578, 863 P2d 1314 (1993), and the sentencing court will have the opportunity to hear the parties' arguments and address the issue in the first instance.

Convictions affirmed; remanded for resentencing.