Argued and submitted May 10, decision of the Court of Appeals and judgment of the
circuit court affirmed August 4, 1994

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## BRIAN LEROY CARR,
*Petitioner on Review.*

(CC 92-1046; CA A74940; SC S40882)

877 P2d 1192

Louis R. Miles, Deputy Public Defender, Salem, argued the cause and filed the petition for petitioner. With him on the petition was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, argued the cause and filed the response for respondent. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

Durham, J., concurred and filed an opinion.

## GILLETTE, J.

This is a criminal case in which defendant was convicted, after a trial to the court, of perjury. ORS 162.065 (set out *infra*). He appealed his conviction asserting, *inter alia*, that there was insufficient evidence that his admittedly false statement was a "sworn" statement to permit him to be convicted of that charge. The Court of Appeals affirmed the conviction. *State v. Carr*, 125 Or App 270, 863 P2d 1316 (1993). Defendant sought review in this court, again asserting that the evidence against him was insufficient to support a conviction.[1] We allowed review and now affirm the decision of the Court of Appeals.

The following facts are undisputed. On the morning of April 26, 1991, defendant appeared before Hansen, a notary public, at her regular place of business and, while in her presence, executed a materialman's lien claim form that was intended to burden the real property of a person named Sparks. In fact, defendant was not entitled to the lien. Defendant executed the form by providing proof to Hansen of his identity, signing the original of the lien claim form, and signing Hansen's notary journal. Hansen then stamped the document with her notarial seal and signed it herself. In accordance with her uniform practice in such matters, Hansen did not administer an oral oath or affirmation to defendant before he signed the lien document.

On the same morning, defendant delivered the notarized lien claim form to the Clatsop County Courthouse and submitted it for recording. It was recorded. Defendant later personally served a copy of the lien claim form on Sparks. The lien claim form that defendant served on Sparks contained the following jurat:

"I, Brian L. Carr, being first duly sworn, depose and say: that I am the contractor claimant named in the foregoing instrument; that I have knowledge of the facts therein set

---

[1] Defendant asserts a second claim of error, but that claim was not preserved at trial. The Court of Appeals declined to address it, as do we. *See State v. Carr*, 125 Or App 270, 271, 863 P2d 1316 (1993) (describing issue and explaining decision not to address it).

forth; that all statements made in said instrument are true and correct as I verily believe.

/s/ Brian L. Carr"

(Underlined matters were filled in on otherwise pre-printed form.) The document also contained, adjacent to the jurat, Hansen's notary stamp and signature.

As noted, the asserted basis for the lien was false. Defendant was indicted for, and convicted by the circuit court of, perjury. Perjury is defined in ORS 162.065(1):

"A person commits the crime of perjury if the person makes a false sworn statement in regard to a material issue, knowing it to be false."

Defendant acknowledges in this case that the evidence adequately established that he executed, recorded, and served the lien claim, that statements made on the claim were false, that he knew of their falsity, and that the statements were material. Defendant's sole argument in support of his motion for acquittal is that he did not make a false "sworn" statement, because the notary public before whom he executed the lien claim document did not orally administer an oath or affirmation to him when he executed that document.

ORS 162.055(4) defines the term "sworn statement" to mean

"any statement knowingly given *under any form of oath or affirmation attesting to the truth of what is stated.*"

(Emphasis supplied.) The jurat in this case recited that "I have knowledge of the facts therein set forth; [and] that all statements made in said instrument are true and correct as I verily believe." Without question, therefore, defendant was attesting to the truth of the statements in the lien claim. The dispositive issue in this case thus is reduced even further to the narrow question: What does the phrase, "any form of oath or affirmation," in ORS 162.055(4) mean?

The question is one of legislative intent. In interpreting a statute, our task is to discern what the legislature intended. That inquiry begins with the text of the statutory provision itself, because the text is the best evidence of the legislature's intent. Also pertinent at that first level of analysis is the context of the statute under consideration. Context

includes other related statutes. If the legislature's intent is clear from that inquiry into text and context, no further inquiry is necessary. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

The question presented here, *viz*, what the legislature intended by the phrase, "any form of oath or affirmation," is not answered by the statutory text alone. The text *could* mean what defendant argues that it means, although the inclusion of the words "any form of" before "oath or affirmation" strongly suggests that the legislature was concerned with the substance of the act, rather than the degree of formality by which it was accomplished. We believe, however, that what the text itself leaves uncertain may be resolved by consultation with context.

Another clue to the legislature's intent with respect to the degree of formality required for a violation of the perjury statute is provided by ORS 162.095(2), which provides: "It is no defense to a prosecution for perjury or false swearing that: * * * The oath or affirmation was taken or administered in an irregular manner * * *." The message of ORS 162.095(2) is that the legislature was concerned with the substance of the act of swearing, rather than with the formality with which the act was accomplished. This contextual provision strongly suggests, if it does not definitively establish, that the legislature did not intend to require an oral oath or affirmation.

Ranging somewhat farther afield in our examination of context, we find still more support for the proposition that the perjury statute requires no particular form of oral oath or affirmation when we consult the statutes that govern construction liens, ORS 87.001 *et seq*, and those governing notaries public, ORS ch 194. The construction lien statutes require that the claim of a lien be "verified by the oath of the person," subject to criminal penalties. ORS 87.035(4). The notarial statutes provide for the taking of a "verification on oath or affirmation," ORS 194.505(3), but define "oath" or "affirmation" to mean only "a notarial act * * * in which a notary certifies that a person *made a vow* in the presence of the notary on penalty of perjury." ORS 194.505(6). (Emphasis supplied.) Finally, ORS 194.515(2) prescribes the

manner in which a notary is to take a verification on oath or affirmation. It provides:

> "In taking a verification upon oath or affirmation, the notarial officer must determine, either from personal knowledge or from satisfactory evidence, that the person appearing before the officer and making the verification is the person whose true signature is on the statement verified."

The statute makes no mention of any requirement that the vow of the person (ORS 194.505(6)) be taken orally or with any particular form of ceremony.

■      When the text of the perjury statute is considered together with the range of contextual provisions that we have reviewed, we believe that the legislative intent becomes clear: It is not necessary, in order to be in violation of ORS 162.065(1), that the "sworn statement" of the person charged be one that was made after the formal, oral administration of an oath or affirmation. It is enough that the statement was a vow of the person making the statement and that the vow was made in the presence of the notary; that is, it was made with sufficient formality to impress on the person the seriousness of his or her act.

■      Defendant's statement was sufficient to meet the foregoing test: The statement was of a kind that is required by law to be made under oath; defendant intended the lien created by the statement to appear to be legally effective in order to further his fraudulent scheme; he went before a notary in order to obtain what would appear to be a legally effective document; and he signed a statement before that notary that he had been "duly sworn" and that the statements that he made were "true and correct as I verily believe." The trial judge was entitled to find defendant guilty of perjury based on those facts, and the Court of Appeals properly affirmed defendant's conviction.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**DURHAM, J.,** concurring.

The majority rejects defendant's argument that he was entitled to an acquittal, because the notary public failed to orally administer an oath or affirmation to him when he

executed the lien claim form. I concur in that holding, because ORS 162.055(4) defines "sworn statement" as "any statement knowingly given under any form of oath or affirmation attesting to the truth of what is stated." That wording relieves the prosecution of any burden to prove that an *oral* oath or affirmation occurred, because "any form" of oath or affirmation is sufficient.

The majority also rejects defendant's argument that the testimony of the notary public, that she failed to administer an oral oath or affirmation, rebuts the statutory presumption that an "[o]fficial duty has been regularly performed." ORS 40.135(1)(j). The majority's position is correct. The trial court was not required to find that that testimony overcame any presumption.

I am less certain of the majority's suggestion that the signing of the lien form was the making of a sworn statement. Whether a signed statement constitutes an oath or affirmation under ORS 162.055(4) is governed by its words and not, as the majority implies, by the maker's undisclosed fraudulent intentions, his delivery of the signed statement to a notary public for verification, or other circumstances external to the text. ORS 162.095(2) underscores the point. It provides:

> "It is no defense to a prosecution for perjury or false swearing that:
>
> "* * * * *
>
> "(2) The oath or affirmation was taken or administered in an irregular manner [.]"

That wording deprives a defendant of the opportunity to quibble about irregularities in the way in which an oath or affirmation is administered. It also suggests that, notwithstanding irregularities of form, a sworn statement must be accompanied by the administration and taking of an oath or affirmation in *some* form. That is the substance of the definition of "sworn statement" in ORS 162.055(4).

The lien form recites, as material:

> "I, <u>Brian L. Carr</u>, being first duly sworn, depose and say: that I am the <u>contractor</u> claimant named in the foregoing instrument; that I have knowledge of the facts therein set

forth; that all statements made in said instrument are true and correct as I verily believe.

/s/ Brian L. Carr"

(Underlined matters were filled in on an otherwise pre-printed form.)

Those words do not make the lien form a sworn statement. The phrase "being first duly sworn," recites that defendant had been sworn *before* making his written statement, not that his written statement *is* his oath or affirmation. The state acknowledges that its case rests on the argument that the lien form is a sworn statement under ORS 162.055(4). The uncontradicted evidence is that the notary public did not administer an oath or affirmation to defendant and that defendant did not take an oath or affirmation before or after he signed the lien form. Because the quoted phrase in the lien form does not state a present form of oath or affirmation,[1] it does not satisfy ORS 162.055(4).

The recital that the statements in the instrument "are true and correct as I verily believe" says that the facts stated are true, not that the signer states the facts under oath or affirmation. Saying "I verily believe" certain facts adds an archaic form of emphasis, but it does not make the statement a sworn statement.

I conclude, however, that we need not determine whether the lien form is a sworn statement within the meaning of ORS 162.055(4). Defendant argues that the lien form is a sworn statement, but that its legal sufficiency as evidence is undermined by the testimony of the notary public that she administered no oral oath or affirmation to defendant.[2] If the

---

[1] The present assumption of the burden of an oath is a key characteristic of a sworn statement. *Annot*, 80 ALR 3rd 278, 286 (1977) collects cases that apply

"the often enunciated and widely recognized principle or rule to the effect that in order to constitute a valid oath, for the falsity of which perjury will lie, there must be, in some form, and in the presence of an officer authorized to administer it (the oath), an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath."

[2] The following colloquy occurred at oral argument in this court:

Justice Unis: "[Y]ou were asked a question whether a written statement alone can be a sworn statement. And you answered the question, I think to Justice Graber, yes. The question that is being put to you, essentially, is this. Is the language of what was signed here a sworn statement? Putting aside what the

lien form was a sworn statement, the record did not lack evidence of that required element of the crime of perjury, and the trial court correctly denied the motion for judgment of acquittal.

I concur.

---

notary said, is the language which was signed here, is that a sworn statement?"

[Defense Counsel:] "I would have to say yes."

"* * * * *

Justice Unis: "* * * I am just trying to understand your position."

[Defense Counsel:] "The assignment of error here is that the trial judge erred when he denied the motion for judgment of acquittal. My argument here is there are insufficient facts to support a conviction of perjury here, because of what the notary said, which rebutted the presumption of due administration found in the language on the form."