Argued and submitted July 24, conviction affirmed; remanded for resentencing
August 28, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## SAMMY BRICE BROCK,
*Appellant.*

(CF95-0036; CA A89454)

923 P2d 666

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

### DEITS, P. J.

Defendant appeals from a judgment convicting him of sexual abuse in the first degree, ORS 163.427, arguing that the trial court erred in imposing a 214-year term of post-prison supervision. We remand for resentencing.

On defendant's plea of guilty, the trial court convicted him of one count of sexual abuse in the first degree. ORS 163.427. At sentencing, the trial court determined that defendant's conviction fell within gridblock 8-E and orally sentenced defendant to 26-months incarceration and 214 months post-prison supervision. The written judgment, however, imposed a period of post-prison supervision of 214 *years*.

Defendant argues that the trial court erred in two respects. He first argues that the trial court erred in imposing his term of post-prison supervision under ORS 144.103. Defendant argues alternatively, that even if ORS 144.103 applies to his conviction, the trial court still imposed an improper term of post-prison supervision. Defendant failed to preserve either argument in the trial court. Nonetheless, he urges us to exercise our discretion under ORAP 5.45(2) to review his claims of error as errors of law apparent on the face of the record.

With respect to defendant's first argument, it is unclear whether the trial court actually imposed his term of post-prison supervision pursuant to ORS 144.103. That statute requires a sentencing court to impose post-prison supervision terms for convictions on certain sexual offenses equal to the difference between the maximum indeterminate sentence and the actual prison time served. In 1993, the legislature amended the statute to apply to convictions for sexual abuse in the first degree. Accordingly, the presentence investigation report here recommended sentencing defendant pursuant to ORS 144.103. However, neither the transcript of the sentencing proceeding nor the written judgment shows that the trial court did so. If the court had done so, the correct term of post-prison supervision would have been 120 months[1]

---

[1] Sexual abuse in the first degree is a Class B felony, for which the maximum prison sentence is 10 years. ORS 161.605.

minus defendant's actual prison time served, not 214 months, which is the term the trial court apparently intended to impose. Nonetheless, for the purpose of deciding whether to review defendant's first argument, we assume, as do the parties, that the trial court imposed defendant's term of post-prison supervision under ORS 144.103.

■      However, having made the assumption that the trial court imposed defendant's term of post-prison supervision pursuant to ORS 144.103, we refuse to exercise our discretion to review whether it erred in doing so. As stated above, the 1993 legislature amended ORS 144.103 to include convictions for sexual abuse in the first degree. That amendment applies only to crimes committed on or after November 4, 1993. However, the indictment on which defendant was convicted indicates that defendant committed his criminal acts "on or between 1/01/92 and 1/15/95." Defendant therefore argues that the record does not clearly show that ORS 144.103 applies to his conviction. It is, however, that lack of clarity that persuades us not to review that unpreserved argument. As the state points out, if defendant had raised that argument below, it could have presented evidence to establish that defendant committed the crime after November 4, 1993. We therefore refuse to consider defendant's first argument.

We are left to determine whether to exercise our discretion to review defendant's second, unpreserved, argument that even if ORS 144.103 applies, the trial court erred in imposing a 214-year term of post-prison supervision. We have exercised our discretion under ORAP 5.45(2) to review certain unpreserved errors in post-prison supervision terms. *See State v. Jones,* 129 Or App 413, 879 P2d 881 (1994) (error in term of post-prison supervision was error apparent on face of record); *State v. Berkey,* 129 Or App 398, 877 P2d 1238, *rev den* 320 Or 360 (1994) (same). However, we have also refused to consider unpreserved errors in post-prison supervision terms that were "clerical" or "arithmetic" in nature where the defendant failed to avail himself or herself of the statutory remedy found in ORS 138.083. *See State v. Slawson,* 123 Or App 573, 860 P2d 876 (1993); *State v. Hopkins,* 127 Or App 622, 874 P2d 827, *rev den* 319 Or 281 (1994).

■ The error here seems to fall squarely within the rationale of *Slawson*. The 214-year term of post-prison supervision set forth in the judgment appears to be a clerical error, and the 214-month term announced orally appears to be an arithmetic error. Further, defendant has failed to pursue the available remedy under ORS 138.083. However, because of the extreme gravity of the error, defendant's inability to correct the error under ORS 138.083,[2] and the state's concession of error and concurrence that it constitutes plain error, we decide to exercise our discretion to review defendant's term of post-prison supervision.

■ It is clear that the trial court erred in imposing a 214-year term of post-prison supervision. As discussed above, if the trial court had intended to sentence defendant pursuant to ORS 144.103, the maximum term of post-prison supervision that it could have imposed is 120 months minus the actual time defendant spent in prison. If the trial court did not intend to rely on that statute, it should have imposed a three-year period of post-prison supervision. OAR 253-05-002(2)(c). The state asserts that the proper remedy is to remand for a corrected judgment imposing a term of post-prison supervision pursuant to ORS 144.103. However, the state assumes that the trial court originally sentenced defendant pursuant to that statute. Because we are unable to discern whether the trial court intended to impose post-prison supervision under ORS 144.103, we conclude that the proper disposition is to remand the entire case for resentencing. ORS 138.222(5).

Conviction affirmed; remanded for resentencing.

---

[2] Because defendant was sentenced on June 30, 1995, the 1993 version of ORS 138.083 applies. *See State v. Graham*, 143 Or App 85, 923 P2d 664 (1996). That statute provided that the trial court retained authority to correct "clerical" or "arithmetic" errors for 60 days after the entry of the judgment of conviction. That time period has lapsed.