Argued and submitted July 24, convictions affirmed; remanded for resentencing September 11, petition for review denied December 17, 1996 (324 Or 488)

# STATE OF OREGON,
*Respondent,*

*v.*

# PETER FRANKS,
*Appellant.*

(C9504-32897; CA A90102)

923 P2d 1302

Steven V. Humber, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Judith Brant, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant appeals from a judgment convicting him of two counts of burglary in the first degree, ORS 164.225, and one count of robbery in the third degree, ORS 164.395. We affirm defendant's convictions but remand for resentencing.

Defendant first assigns error to the trial court's denial of his motion, made at the beginning of his trial, to obtain substitute counsel. We affirm the trial court's denial of that motion without discussion.

Defendant also assigns error to the court's imposition of a 36-month term of incarceration on the second count of his burglary conviction. Defendant was charged by a single indictment with one count of third degree robbery and two counts of first degree burglary and was found guilty on all charges. The sentencing court found that the burglary conviction based on count I fell into gridblock 8-C and imposed a 34-month presumptive sentence. The court placed the robbery conviction in gridblock 5-C and imposed a concurrent 11-month presumptive sentence. The court then determined that the burglary conviction based on count II fell in gridblock 7-B. The presumptive sentence for that category is 25 to 30 months. Although the trial court indicated that it intended to impose a presumptive sentence on that conviction, it imposed a sentence of 36-months incarceration. The state did not ask for an upward departure sentence, and the trial court did not purport to have imposed one.

■   Defendant argues that the trial court exceeded its authority by imposing a presumptive sentence greater than that authorized under the sentencing guidelines. Defendant failed to preserve that error in the trial court, but, nonetheless, argues that we should exercise our discretion to review it as an error of law apparent on the face of the record. ORAP 5.45(2). We have held that a sentence that exceeds that allowable by the sentencing guidelines is an error of law apparent on the face of the record. *State v. Morgan*, 124 Or App 229, 231, 862 P2d 539 (1993), *rev den* 319 Or 150 (1994). Because the error here significantly affects defendant's liberty interest, we decide to exercise our discretion to review it.

*See State v. Brock*, 143 Or App 100, 923 P2d 666 (1996); *State v. Graham*, 125 Or App 516, 519, 865 P2d 490 (1993).

■ As discussed above, the maximum presumptive sentence that the court could have imposed under gridblock 7-B is 30 months. The state argues, however, that the trial court did not err in imposing a 36-month period of incarceration, because defendant's burglary conviction based on count II actually fell in gridblock 7-A. Because the court could have properly sentenced defendant to 36-months incarceration under that gridblock, the state argues that there is no need to remand for resentencing. However, we do not consider that argument, because the state does not cross-assign error to the trial court's conclusion that defendant's burglary conviction on count II fell in gridblock 7-B. ORAP 5.57; *see also Graham*, 125 Or App at 519. We therefore remand the entire case for resentencing. ORS 138.222(5).

Convictions affirmed; remanded for resentencing.