Argued and submitted January 6, reversed and remanded February 5, 1997

Gene PFEIFER,
*Respondent,*

*v.*

CITY OF SILVERTON,
*Respondent below,*

*and*

Lawrence LAIRD,
*Petitioner,*

*and*

Michael R. HOGE,
*Respondent below.*

(LUBA No. 96-009; CA A95228)

931 P2d 833

Donald M. Kelley argued the cause for petitioner. On the brief were Patrick E. Doyle and Kelley & Kelley.

Maurice L. Russell, II, argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner Laird seeks review of LUBA's denial of his petition to recover attorney fees from respondent Pfeifer pursuant to ORS 197.830(14)(b).[1] We reverse.

Although the posture of the case makes it impossible for us to state with certainty what the facts *are*, what follows is a summary of the factual premises and contentions that the parties make to us. Pfeifer appealed to LUBA from the City of Silverton's land use decision allowing a comprehensive plan amendment and zone change under which a mobile home park could be developed on Laird's property. According to Pfeifer, his only ground and reason for appealing the decision was his concern about the location and route of a collector street. According to Laird, Pfeifer's reason for appealing to LUBA was to frustrate the pending purchase of Laird's property by a third party and to facilitate Pfeifer's acquisition of the property for developmental objectives of his own.

Eventually, Pfeifer acquired the third party's vendee's interest in the property and, at his request, the city changed its decision concerning the street location and route. Pfeifer moved to dismiss his appeal to LUBA, claiming that the city's action concerning the street, as well as the fact that he now owned the property, rendered the appeal "moot." Laird did not agree that the case was moot but did not oppose the dismissal. Laird's response to Pfeifer's motion to dismiss asserted that, regardless of the basis of dismissal, Laird should be awarded attorney fees pursuant to ORS 197.830(14)(b). LUBA allowed the voluntary dismissal without specifically articulating the basis for the dismissal.[2]

After LUBA's dismissal of the case, Laird moved for attorney fees under ORS 197.830(14)(b), which provides:

---

[1] The other parties to the LUBA proceeding have not appeared here.

[2] Although the parties disagree about the relative timing of the various events, it is clear that oral argument to LUBA had taken place by the time the appeal was dismissed.

"[LUBA] shall also award reasonable attorney fees and expenses to the prevailing party against any other party who [LUBA] finds presented a position without probable cause to believe the position was well-founded in law or on factually supported information."

LUBA concluded that, because the appeal was dismissed voluntarily on motion, "neither party prevailed on the merits of the appeal, [and] neither party was the 'prevailing party' for purposes of ORS 197.830(14)(b)." LUBA recognized that ORCP 54 A(3) provides:

"When an action is [voluntarily] dismissed under this section, the judgment may include any costs and disbursements, including attorney fees, provided by rule or statute. Unless the circumstances indicate otherwise, the dismissed party should be considered the prevailing party."

However, LUBA concluded that the Oregon Rules of Civil Procedure are not "binding" on it. It ruled that, in "the absence of a rule similar to ORCP 54 A that applies to proceedings before this Board," Laird "is not the prevailing party under the facts of this case."

Laird assigns error to the denial of his petition for attorney fees. The parties appear to agree, as do we, that the basis for LUBA's ruling is that there cannot be a "prevailing party" under ORS 197.830(14)(b) in an appeal that has been voluntarily dismissed rather than decided on its merits.[3] We agree with Laird that LUBA erred in concluding that there *can never* be a prevailing party under that statute in cases that are dismissed at some point before LUBA makes a decision on the merits.

The critical issue here is the meaning of the term "prevailing party" as used in ORS 197.830(14)(b). In determining the meaning of this statute, we attempt to ascertain

_____

[3] We do not imply that Pfeifer's agreement goes beyond the recognition of the basis on which LUBA denied the petition.

the intent of the legislature, looking first to the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The terms at issue here do not in themselves resolve whether a party in these circumstances may be said to be a "prevailing party." There are, however, a number of related statutes that provide guidance as to the legislature's intended meaning. One such statute is ORCP 54 A(3).

■   We agree with LUBA that the Oregon Rules of Civil Procedure do not "bind" LUBA in the same sense that they bind the circuit and district courts of the state. Nevertheless, ORCP 54 A(3) deals with circumstances that are analogous to—if not indistinguishable from—the situation here. That provision is part of the context of ORS 197.830(14)(b) as that statute applies to such situations, and it points in the opposite direction from the conclusion that LUBA reached. It is the most persuasive authority that the parties cite or we find regarding the potential prevailing status of a "dismissed party" in cases that do not reach the point of a decision on the merits. To say that LUBA is not "bound" by the rule begs the question: As part of the context of ORS 197.830(14)(b), ORCP 54 A(3) is highly instructive as to what the legislature meant by "prevailing party" as used in that statute.[4]

Another statute that is contextually relevant is ORS 19.160, dealing with appeals that are taken to the appellate courts without probable cause. It provides:

> "Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages, for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

---

[4] The Supreme Court has indicated that "context," under the *PGE* methodology, can include statutes that are not codified proximately to the statute in question, if they are related in substance. *See, e.g., State v. Carr*, 319 Or 408, 877 P2d 1192 (1994).

That statute differs from ORS 197.830(14)(b) in a significant particular: it requires a disposition on the merits in favor of the party who seeks to benefit by it. ORS 197.830(14)(b) uses similar terminology in other respects, but it contains no requirement comparable to the affirmance prerequisite to the application of ORS 19.160. However, ORS 19.160 illustrates that, when the legislature chose to require a decision on the merits in statutes of this kind, it knew how to and did say so. Like ORCP 54 A(3), ORS 19.160 lends contextual support to the conclusion that a party can "prevail," within the meaning of ORS 197.830(14)(b), in a case that does not culminate in a decision on the merits.

We conclude that the context of ORS 197.830(14)(b) supports the conclusion that there can be a prevailing party when a case before LUBA is dismissed before the issuance of a final decision on the merits. Our conclusion is consistent with the clear purpose of ORS 197.830(14)(b), which is to provide parties with expenses and attorney fees that were incurred in defending against appeals that should not have been brought or the assertion of positions that should not have been taken. Given that purpose, it would be anomalous to deprive a responding party of the remedial benefit of the statute if the appealing party voluntarily withdraws its appeal at *any* time before a decision on the merits is issued. Substantial expenses and attorney fees could have been incurred by the responding party long before that stage is reached.

Based on the text and context of ORS 197.830(14)(b), we conclude that, under the statute, a party *can* be the prevailing one if the LUBA appeal is voluntarily dismissed by the other before LUBA makes a decision on the merits. LUBA's categorical holding to the opposite effect was erroneous. Our conclusion leaves open two questions that, given its disposition, LUBA did not reach: whether "the circumstances indicate" that the dismissed party should or should not be designated as the "prevailing party"; and whether the appealing party presented a position "without probable cause

to believe the position was well-founded in law or on factually supported information." We remand for LUBA to decide those questions.[5]

Reversed and remanded.

---

[5] The significance that the parties attach to the question of whether the appeal was moot at the time of its dismissal is not entirely clear to us. Assuming the correctness of Pfeifer's apparent premise that mootness might affect Laird's prevailing status or the appropriateness of an award of attorney fees, we are in no position to base a decision on that ground. It is not evident, facially, why a later city decision on the location of a street might moot the plan and zoning amendments or the appeal that Pfeifer took from them. LUBA did not discuss the merits, and we cannot now make an *ab initio* decision about any connection between the two that might supply the link that Pfeifer hypothesizes. Should it choose to do so, LUBA may consider that matter on remand, as well as any consequences that may follow from it.

We emphasize that our holding here turns on the *meaning* of the statute—a purely legal question. The questions we remand to LUBA involving the statute's *application*, *i.e.*, whether there should be a designation of prevailing status under the circumstances or a finding of no probable cause, may well involve discretionary determinations that would be subject to a more limited standard of judicial review than the question that we do decide.