Argued and submitted April 23, reversed June 9, 1982

# STATE OF OREGON,
*Appellant,*

*v.*

# MICHAEL BURTON ADAMS,
*Respondent.*

(No. C 76-07-09066, CA A22719)

646 P2d 37

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Charles W. Carnese, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

ROSSMAN, J.

This case involves application of Oregon's expunction statute.

On August 30, 1976, after a bench trial on stipulated facts, defendant was found guilty of three counts of criminal activity in drugs, violations of former ORS 167.207.[1] The first and second counts charged possession of marijuana; the third count charged cultivation of marijuana. Defendant was sentenced on September 2, 1976, at which time the circuit court "merged" Counts I and II and imposed probationary sentences on Counts I and III. Defendant appealed his conviction pursuant to an amended notice of appeal filed on September 9, 1976, and the Court of Appeals affirmed without opinion; judgment on the mandate was entered on February 25, 1977.

On July 30, 1981, defendant moved for an order setting aside his convictions, pursuant to the expunction statute, ORS 137.225. A brief hearing was held. The district attorney attended, but defendant, with the court's permission, did not appear. No evidence was adduced, the matter being determined solely on the basis of the court file and the arguments of the district attorney. Over the state's objection, the circuit court allowed defendant's motion, and the state appealed pursuant to ORS 19.010(4).[2] We reverse.

---

[1] Former ORS 167.207 (repealed Or Laws 1977, ch 745, § 54) provided:

"(1) A person commits the offense of criminal activity in drugs if he knowingly and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug.

"(2) Except as provided in subsections (3) and (4) of this section, criminal activity in drugs is a Class B felony, or the court may, under the criteria set forth in ORS 161.705, enter judgment for a Class A misdemeanor and impose sentence accordingly.

"(3) Notwithstanding subsection (2) of this section, if the conviction is for possession of less than one avoirdupois ounce of marijuana it is a violation punishable by a fine of not more than $100.

"(4) Notwithstanding subsection (2) of this section, if the defendant is 18 years of age or over and the conviction is for furnishing a narcotic or dangerous drug to a person under 18 years of age and who is at least three years younger than the defendant, criminal activity in drugs is a Class A felony."

[2] ORS 19.010(4) provides:

The only issue in this appeal is whether the trial court's expunction order violates the exclusion contained in ORS 137.225(6)(b), which provides:

"The provisions of subsection (1) [governing expunction] of this section do not apply to:

"* * * * *

"(b) A person convicted, within the 10-year period immediately preceding the filing of his motion pursuant to subsection (1) of this section, of more than one offense, excluding motor vehicle violations, whether the second or additional convictions occurred in the same action in which the conviction as to which relief is sought occurred or in another action. * * *"

The state argues that defendant's two drug convictions fall within the exclusion of ORS 137.225(6)(b) and are not subject to expunction. In characterizing the trial judge's action as an attempt to effect a post-conviction "merger," the state maintains that the two convictions are unimpeachable at this point in the proceedings. The contention is that the original judgment order is not subject to collateral attack through the expunction provisions, and the court acted outside its realm of discretion; therefore, its order of expunction is necessarily void.

On the other hand, defendant steadfastly maintains that, as a matter of law, he committed only one offense. He argues that the state's reliance on the word "convictions" in ORS 137.225(6)(b) is misplaced; rather, the controlling word is the word "offense." He contends that he was convicted of only one "offense," regardless of how that offense is characterized in the pleadings or judgment order, and so expunction in this case was permissible.

Defendant points to the language in the original information, in which it was alleged that all three charges were committed as part of the "same act and transaction." Under the former "catch-all" statute, *see* n 1, *supra*, in

---

"An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

which the proscribed activity could be committed in various ways, the "offense" would have been committed when any or all of the designated acts were committed. Additionally, defendant asks us to take note of the underlying concern of the trial judge that defendant "is typically the kind of fellow the statute was designed to help."

While we would agree that the trial judge's heart may have been in the right place, we do not accept his apparent notion that this defendant committed only one offense.[3] The statute specifically excludes from the benefits of expunction any person with more than one conviction within the previous ten-year period, even if the convictions occurred in the same action. Defendant was convicted of two offenses within the ten-year period immediately preceding his motion and was ineligible for expunction. The trial court had no authority in this proceeding to reexamine these convictions.

Reversed.

---

[3] The trial court itself expressed doubt about its decision when it said, "Well, they were separate convictions."