Argued and submitted July 20, 1988, affirmed April 26, reconsideration denied June 9, petition for review denied June 27, 1989 (308 Or 158)

## STATE OF OREGON,
*Respondent,*

*v.*

## TONY GRANT PRYOR,
*Appellant.*

(10-87-01428; CA A46056)

772 P2d 431

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the briefs was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was convicted, after a trial to the court, for a number of crimes committed during a particular episode.[1] On appeal, he challenges only the sentences imposed on the convictions for kidnapping in the first degree, ORS 163.235, and sodomy in the first degree. ORS 163.405. His only contention is that there is not sufficient evidence to support the trial court's finding that he is a dangerous offender under ORS 161.725. The state's only response on appeal is that defendant was not sentenced as a dangerous offender and there is, therefore, no issue for this court to address.

Before sentencing, the state moved to have defendant sentenced as a dangerous offender, and the court ordered a psychiatric examination pursuant to ORS 161.735(1). Defendant, on advice of counsel, declined to answer any questions of the psychiatrist or to cooperate in the examination. As a result, the psychiatrist submitted a report, see ORS 161.735(3), in which he said that he would not give an opinion or analysis, because he was unable to conduct an interview. The court, over defendant's objection, made the specific findings required by ORS 161.735 and found that defendant is a dangerous offender but said:

> "I am, nevertheless, not going to sentence the defendant as a dangerous offender because I feel that the recommendation [in the presentence report] is sufficient to keep the defendant incarcerated for a significant period of time * * *."

However, the written "sentence order" provides:

> "[T]he Court finds that for the purpose of imposing sentence herein on [kidnapping and sodomy] the defendant * * * is a dangerous offender as described in ORS 161.725(1) * * *."

The court sentenced defendant to 20 years on each of the charges involved in this appeal, which is the maximum sentence for each charge. ORS 161.605(1). The maximum sentence under the dangerous offender statute is 30 years. ORS 161.725.

---

[1] Defendant was convicted of kidnapping in the first degree, assault in the second degree, menacing, sexual abuse in the first degree, attempted rape in the first degree and sodomy in the first degree.

The state argues that, given the court's oral pronouncement and the fact that it did not impose a 30-year sentence, defendant was not sentenced as a dangerous offender. Additionally, it argues that, because defendant received a sentence that is the maximum allowed for each charge without the dangerous offender sanctions, he is not prejudiced by the dangerous offender reference in the sentence order.

■ ■   The written order unambiguously sentenced defendant as a dangerous offender. The decision of the trial court

"is governed by the order which the * * * judge signed and not by any statement which he made at the conclusion of the hearing." *State v. Swain/Goldsmith,* 267 Or 527, 530, 517 P2d 684 (1974).

The maximum allowable dangerous offender sentence is not to exceed 30 years, and the fact that the court did not sentence defendant to 30 years on either charge is not inconsistent with a determination that he is a dangerous offender. In addition, there are other consequences that follow from the finding under ORS 161.725. *See* ORS 144.226(1); OAR 255-38-005. Defendant was prejudiced by being sentenced as a dangerous offender, and we address the merits of his claim of error.

■   Essentially, defendant's argument is that, because there was no psychiatric evaluation in the report, there is not sufficient evidence for the court to conclude that he suffers "from a severe personality disorder indicating a propensity toward criminal activity." ORS 161.725(1). The court obtained and considered a "report," within the meaning of ORS 161.735(3), that defendant was uncooperative and that a psychiatric analysis could not be made. The court also observed defendant and heard the evidence, which included a description of defendant's conduct during the extended criminal episode. In *State v. Huntley,* 302 Or 418, 730 P2d 1234 (1986), the court held that it was the trial court's responsibility to make the ultimate finding and that it could do so, even if it were to reject the opinion of the psychiatrist. It follows that the court could make a decision based on the report in this case, because the other evidence was sufficient to support the finding that defendant is a dangerous offender.

Affirmed.