Argued and submitted August 24, judgment vacated October 17, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## BARBARA MARIE MORGAN,
*Appellant.*

(85-60459; CA A63175)

798 P2d 1113

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This case involves the effect of a written judgment that suspended imposition of sentence without placing defendant on probation. We have jurisdiction under ORS 138.040(1)(b)(A) and ORS 138.053(1)(d).

On August 29, 1986, defendant was found guilty of driving under the influence of intoxicants (DUII). ORS 813.010. On that date, the trial court suspended imposition of sentence for two and one-half years, subject to several conditions. The judgment did not place defendant on probation. One and one-half years passed without incident. It then came to the attention of the court that defendant had violated a condition of her sentence suspension. A show cause order was issued, and defendant came before the court and admitted the violation. The judge entered an order extending her "probation/sentence suspension" for an additional one and one-half years. Within a year, defendant was again before the court on a show cause order. She moved to dismiss on the ground that the court's jurisdiction over her had expired. The court denied the motion and ordered a further extension of the "probation/suspended sentence." She appeals from that order.[1]

Defendant's sole assignment of error is that the trial court should have granted her motion to dismiss. She argues that, when the court first suspended her sentence, it did not place her on probation, and so its jurisdiction over her expired one year from the date of the 1986 order, pursuant to ORS 137.550(7).

When the sentencing judge failed to include the term "probation" in the 1986 order, that was apparently a mistake. Although the record shows that he *intended* to place defendant on probation,[2] the written order that suspended her sen-

---

[1] Each of the purported judgments entered was incorrectly entitled "order." Because the final order from which defendant appealed was intended to be a final judgment, we granted leave to enter an amended judgment under ORS 19.033(4). The trial court amended the order to read "Amended Judgment and Order Continuing Court Probation (D.U.I.I.)." In criminal cases, trial courts must enter a final judgment that is "in writing, plainly titled as a judgment and set forth in a separate document." ORS 137.071(1); *see also* ORS 46.810.

[2] The second extension of defendant's probation was imposed by the same judge who had originally sentenced her. In ruling on defendant's motion to dismiss the second show cause order, he said:

"I feel that the order that was entered originally in this matter is an order that is a probation; that word 'probation' was not used in the order itself, but it is in fact probation as that is anticipated in the statutes * * *."

tence made no mention of it. In determining what a trial court has decided, we look to the signed order or judgment, not to statements made in court. *State v. Swain/Goldsmith,* 267 Or 527, 517 P2d 684 (1974); *State v. Pryor,* 96 Or App 181, 772 P2d 431, *rev den* 308 Or 158 (1989). As we pointed out in *State v. Mossman,* 75 Or App 385, 388, 706 P2d 203 (1985), an exception to that rule exists for clerical errors. In this case, there is no suggestion that "probation" was omitted from the original order because of that type of error. *Compare State v. Cardwell,* 48 Or App 93, 97, 615 P2d 1198 (1980) (internally inconsistent and ambiguous order was result of "obvious scrivener's error," and court's oral statements controlled).

The original judgment omitted any reference to probation and, there being no showing of clerical error, we are bound by the written judgment that suspended the imposition of sentence. Because defendant's offense of DUII is a Class A misdemeanor, ORS 813.010(3), the maximum sentence that could have been imposed was one year in jail. ORS 161.615(1).

The trial court's jurisdiction over defendant was governed by ORS 137.550(7) *(former* ORS 137.550(2)), which provides:

"In the case of any defendant whose sentence has been suspended *but who is not on probation,* the court may * * * cause the defendant to be arrested and brought before the court *at any time within the maximum period for which the defendant might originally have been sentenced.*" (Emphasis supplied.)

Because the court's jurisdiction expired on August 29, 1987, it had no authority to enter the challenged judgment.

Judgment vacated.