On appellant's petition for reconsideration filed June 2, reconsideration allowed; opinion (115 Or App 627, 839 P2d 748 (1992)) clarified and adhered to August 25, petition for review denied October 26, 1993 (318 Or 26)

# STATE OF OREGON,
*Respondent,*

*v.*

# PHILLIP DALE DETERMANN,
*Appellant.*

(90-09-35071; CA A69626)

858 P2d 171

Laura Graser, Portland, for petition.

DEITS, J.

**DEITS, J.**

Defendant petitions for review of our opinion in which we remanded his consecutive sentences for resentencing. 115 Or App 627, 839 P2d 748 (1992). Treating the petition as one for reconsideration, ORAP 9.15, we allow it in order to clarify how, on remand, the incarceration term of the consecutive sentences should be calculated.

The trial court determined that, for sentencing purposes, the primary offense was one of defendant's convictions for sodomy. The presumptive sentence for that conviction was 125 months. The court concluded that defendant was a dangerous offender and departed from the presumptive sentence by imposing an upward departure sentence of 360 months. It then sentenced defendant to consecutive presumptive terms on four other counts for a total of 188 months. The total of all the consecutive terms was 548 months. We stated:

> "Four times [the presumptive term] is 500 months, 48 months less than defendant's term as set by the trial court. Accordingly, the trial court improperly sentenced defendant." 115 Or App at 634.

Defendant contends that the ruling that an incarceration term of 500 months is available "is true only in the abstract; it is not true under the circumstances of this case." OAR 253-12-020; OAR 253-08-007. Defendant is correct.

In *State v. Davis*, 315 Or 484, 847 P2d 834 (1993), the defendant had been found to be a dangerous offender. The Supreme Court held that a dangerous offender sentence is a departure sentence subject to the guidelines and discussed the correct application of OAR 253-12-020 and OAR 253-08-007 when a dangerous offender and consecutive sentences are imposed. Under OAR 253-12-020(2), the trial court must first calculate the presumptive incarceration term for each conviction without departure, and the total incarceration term for all of the consecutive sentences may not exceed 200 percent of the presumptive incarceration term for the primary offense if they were part of the same criminal episode. *State v. Miller*, 317 Or 297, 855 P2d 1093 (1993). The trial court may then impose a departure sentence on any or all of the individual convictions. OAR 253-08-007(3). However, if

it does, the departure term on each individual conviction is limited to twice the presumptive sentence determined under OAR 253-12-020. As the court in *Davis* held, the total of all departures can not exceed 400 percent of the presumptive incarceration term on the primary offense. The court explained:

> "After calculating those terms, the judge may impose a departure sentence on any or all of the individual convictions. Under OAR 253-08-007(3), however, the incarceration term of each departure sentence may not exceed twice the presumptive incarceration term already determined for that offense under OAR 253-12-020(2). Because these presumptive incarceration terms will have been limited already by operation of the 200 percent rule, the maximum incarceration term that may be imposed for all the consecutive sentences together by departure cannot exceed four times the maximum presumptive incarceration term of the primary offense. Or, as stated by the commentary to OAR 253-08-007, 'the maximum sentence which could be imposed for a series of consecutive sentences in which a maximum durational departure is justified for each of the sentences could be up to 400% of the primary sentence, but could never exceed 400%.' [*Oregon Sentencing Guidelines Implementation Manual* (1989) 142]." (Footnotes omitted.) 315 Or at 493.

■     The defendant is correct, however, that the 400% rule is a bit of a misnomer. A maximum incarceration term that equals 400 percent of the presumptive sentence is not always available, even when the departure is on the basis that the defendant is a dangerous offender and the dangerous offender departure sentence is to be served consecutively to others. *State v. Davis, supra,* 315 Or at 494 n 16. If the presumptive sentence on the convictions other than the primary offense is less than that of the primary offense, then the maximum incarceration term will be less than 400%.[1]

---

[1] In *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993), the Supreme Court held that "[t]he criminal code can provide for mandatory sentences other than as contained in the sentencing guidelines[,]" 316 Or at 557, because ORS 137.637 provides:

> "When a *determinate* sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the presumptive sentence as provided by the rules of the State Sentencing Guidelines Board, whichever is longer." (Emphasis supplied.)

The court did not indicate that its holding had any effect on sentencing under the dangerous offender provisions, even though ORS 161.735(6) authorizes a court to

■      The presumptive sentence on the primary offense here is 125 months. Accordingly, at least in theory, the maximum incarceration term for all of the consecutive sentences and the departure is 400% or 500 months. However, this case presents an example of a situation where the 400% rule is a misnomer because, when the pertinent rules are applied, a maximum term of 500 months is not available. The court departed only on the primary offense. The departure term could not exceed 250 months under OAR 253-08-007. Under OAR 253-12-020, the terms of the remaining consecutive sentences cannot exceed a total of 125 months, because no departures were imposed. The maximum incarceration term available is 375 months.

Reconsideration allowed; opinion clarified and adhered to.

---

sentence a defendant as a dangerous offender, and ORS 161.725 provides for a maximum term of 30 years for a dangerous offender. However, ORS 161.725 provides that the maximum term is "an *indeterminate* sentence of imprisonment * * *." (Emphasis supplied.) Thus, it appears that a dangerous offender sentence does not come within ORS 137.637, because it is an indeterminate sentence.