Argued and submitted August 20, affirmed October 6, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## LEONARD HAMILTON SLAWSON,
*Appellant.*

(CF91-0640; CA A77126)

860 P2d 876

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janie M. Burcart, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant was convicted of attempted murder and second degree assault. ORS 161.405; ORS 163.115; ORS 163.175. He appeals, assigning error to the sentencing provision imposing conditions of imprisonment and post-prison supervision that require him to participate in substance abuse programs and to avoid contact with the victim. The state agrees that a court may only recommend, not impose, conditions, but argues that we should not address defendant's claim, because the error, if any, was unpreserved. Defendant also challenges the five-year term of post-prison supervision on the attempted murder conviction. The state concedes that the trial court erred when it imposed 60 months, instead of 36 months, as the length of the post-prison supervision, but contends that the term should be viewed as a scrivener's error to be corrected by interlineation, because the written judgment did not comport with the court's oral pronouncement of sentence.

We have reviewed many unpreserved claims of error in sentencing guidelines cases. The rationale was that a sentence outside the statutory authority is an error of law that may be addressed although no objection was made to the sentencing court. *State v. Cook*, 108 Or App 576, 582, 816 P2d 697 (1991), *rev den* 312 Or 588 (1992). The Supreme Court has noted that, even though that may be true in many cases, it does not always follow that the error meets the requirement of ORAP 5.45(2) as one that is " 'apparent,' meaning 'obvious, not reasonably in dispute.' [*State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).]" *State v. Farmer*, 317 Or 220, 224 n 4, 856 P2d 623 (1993). Furthermore, when the error is apparent, in order to exercise our discretion to consider it, we must articulate our reasons for so doing by applying the plain error methodology set out in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). *State v. Castrejon*, 317 Or 202, 209, 856 P2d 616 (1993).

We decline to exercise our discretion here to review either claim of error. Defendant did not object to the court's requirement that he undergo substance abuse therapy and that he have no contact with the victim. The ends of justice do not require that we consider his argument now, when he

could have easily alerted the trial court as to any limits on its authority to impose such conditions.

■    The judgment imposing a 60-month term of post-prison supervision was also entered without objection. On appeal, defendant asserts that he did not sign the judgment so, "presumably," did not see it. He does not enlighten us as to whether the judge entered the judgment in open court, whether the form of the judgment was reviewed by his attorney or whether he filed an objection once the judgment was filed.

ORS 138.083 specifically provides that the trial court retains authority for 60 days to correct arithmetic or clerical errors.[1] The statute was provided to address the precise error that defendant now claims occurred in the post-prison supervision term. It avoids the unnecessary time and expense involved in pursuing an appeal to correct what is undisputedly a clerical error. Given that defendant has failed to avail himself of the statutory remedy or to explain why he could not, we will not exercise our discretion to reach the unpreserved error.

Affirmed.

---

[1] The Criminal Justice Council also has a duty to alert the sentencing court to errors. OAR 253-13-001(1) requires a sentencing report to

"be submitted forthwith to the Oregon Criminal Justice Council by the sentencing court for each sentence imposed for felonies committed on or after November 1, 1989."

The Commentary explains that the purpose of that requirement is to

"allow the Council to establish a database on sentencing practices. It will also provide an opportunity for Council staff to review the sentencing computations in each case. When an arithmetic or clerical error is discovered, staff will notify the sentencing court. If the sentencing judge agrees that an error has occurred, the judge may correct the sentence before the issue is taken to the Oregon Court of Appeals." *Oregon Sentencing Guidelines Implementation Manual* 159 (1989).