Argued and submitted September 29, affirmed in part and remanded in part November 3, 1993, reconsideration denied April 13, petition for review denied May 24, 1994 (319 Or _____)

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES THURSTON MORGAN,
*Appellant.*

(91-09-34832; CA A73752)

862 P2d 539

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief were Sally L.

Avera, Public Defender, and Jesse Wm. Barton, Deputy Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals his convictions for 17 crimes. We affirm the convictions without discussion and write only to address an error in the consecutive sentences imposed on counts 1 through 4.

Defendant assigns error to the imposition of four consecutive 30-year sentences on those counts. He asserts that the sentences violate the "400 percent rule" of the sentencing guidelines, which limits the total maximum consecutive departure sentences to 400 percent of the maximum presumptive incarceration term for the primary offense. OAR 253-08-007(3); OAR 253-12-020. Although defendant did not object to the sentence, and therefore did not preserve the error that he asserts on appeal, the state concedes error.

■■ A state's concession does not necessarily mean that we can review the error. *See, e.g., State v. Woods*, 121 Or App 661, 856 P2d 321 (1993); *State v. Cavota*, 121 Or App 598, 856 P2d 322 (1993). A claim of error that is not preserved in the trial court may be reviewed on appeal only if it is an error of law apparent on the face of the record. It will be reviewed then only if we exercise our discretion to do so. ORAP 5.45(2); *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993); *State v. Castrejon*, 317 Or 202, 856 P2d 616 (1993); *State v. Brown*, 310 Or 347, 800 P2d 259 (1990).

■ The imposition of a sentence that exceeds that allowable by the sentencing guidelines is an "error of law." The error is apparent; the legal point is obvious that defendant's sentence is limited by the 400 percent rule and that the sentence imposed greatly exceeds that rule. The error is on the face of the record; we need not go outside the record or choose between competing inferences to find it. Therefore, the error is one that we may, in our discretion, review.

■■ We exercise our discretion to review the error in this case. The error is egregious. Under the 400 percent rule, the maximum consecutive sentence that defendant could lawfully receive in this case is 400 percent of the maximum presumptive incarceration term for the primary offense,[1] for

---

[1] Here, the maximum presumptive sentence for the primary offense is 130 months.

a total of 520 months. *See State v. Davis*, 315 Or 484, 847 P2d 834 (1993); *State v. Determann*, 122 Or App 480, 858 P2d 171 (1993). The trial court imposed consecutive sentences totalling 1440 months. That is 920 months more than is allowed by the guidelines, nearly triple the maximum allowable by law. We conclude that the ends of justice will not be served by allowing this sentence to stand unreviewed.

Convictions affirmed; remanded for resentencing.