Submitted on record and briefs April 28, convictions affirmed; remanded for entry of corrected judgment August 10, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# CHARLES PLEASANT ROOD,
*Appellant.*

## (92-04-32316; CA A77524)

879 P2d 886

Sally L. Avera, Public Defender, and Ingrid A. Mac-Farlane, Deputy Public Defender, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and R. Victoria Beyerinck, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

Riggs, J., concurring.

424

## DEITS, P. J.

Defendant was convicted of sexual penetration in the first degree, ORS 163.411, two counts of sexual abuse in the first degree, ORS 163.427, and one count of attempted sexual abuse in the first degree, ORS 163.427; ORS 161.405. He appeals from the judgment, seeking modification of his sentence. We remand for entry of a corrected judgment.

Defendant assigns error to the sentence imposed on Count 4, attempted sexual abuse in the first degree. The parties and the trial court agreed that defendant's conviction fell within gridblock 6-I, which provides for a presumptive probationary term of three years and a maximum jail term of 90 days. Accordingly, the trial court ordered that defendant serve "60 days [imprisonment] consecutive to the sentences in counts 1, 2 and 3." The written judgment, however, imposed a prison term of 18 months. Although defendant did not object below, he requests that we exercise our discretion to review the unpreserved claim of error.

We may review an unpreserved error if the error is one of law that is apparent on the face of the record. ORAP 5.45(2). A sentence that exceeds that allowable by the sentencing guidelines is an error of law. *State v. Morgan,* 124 Or App 229, 231, 862 P2d 539 (1993), *rev den* 319 Or 150 (1994). The error is apparent if the legal point is obvious and not reasonably in dispute. *State v. Farmer,* 317 Or 220, 224 n 4, 856 P2d 623 (1993). The error appears on the face of the record if "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990). The state concedes that the sentence, as written, is erroneous and is reviewable as an error of law apparent on the face of the record. We conclude that this is an error of law apparent on the face of the record.

**4, 5.** In order to exercise our discretion to review such an error, we must articulate our reasons for doing so. *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 823 P2d 956 (1991). As we said in *State v. Jones,* 129 Or App 413, 879 P2d 881 (1994), in view of the state's concession, several of the considerations that might otherwise weigh against our review of an unpreserved error are less persuasive. In addition, here,

defendant is substantially prejudiced by being sentenced to a prison term that is six times the maximum allowable by the guidelines. *Cf. State v. Morgan, supra,* 124 Or App at 231-32 (reviewing "egregious" unpreserved error that imposed sentence nearly triple the maximum allowed by law).

Although the state concedes that this is an error of law apparent on the face of the record, the state argues that, nevertheless, we should not exercise our discretion to review the error because defendant failed to pursue an available statutory remedy. As both defendant and the state agree, the error was clearly clerical in nature.[1] ORS 138.083 provides that "[t]he sentencing court shall retain authority irrespective of any notice of appeal for 60 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors." The availability of the remedy in ORS 138.083 does weigh heavily in our decision whether to exercise our discretion to review an unpreserved error. *State v. Slawson,* 123 Or App 573, 576, 860 P2d 876 (1993). In *Slawson,* we declined to review a clerical error where the defendant neither availed himself of the statutory remedy nor explained why he could not. However, while the availability of the statutory remedy for correcting clerical errors is a significant consideration in determining whether to exercise our discretionary review, we have not held that a defendant's failure to take advantage of that remedy is always dispositive. In this case, we believe that the gravity of the error outweighs defendant's failure to pursue the statutory remedy. Considering the state's concession and the gravity of the error, we exercise our discretion to review it.

■ We also conclude that it is unnecessary to remand this case for resentencing because the trial court's intent as to the sentence is clear from the record. Generally, when a written judgment and oral ruling conflict, the trial court's

---

[1] The Supreme Court defined clerical error as follows:

" ' "[C]lerical" is employed in a broad sense as contra-distinguished from "judicial" error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. In other words, the distinction does not depend so much upon the person making the error as upon whether it was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge.' " *Daugharty v. Gladden,* 217 Or 567, 577, 341 P2d 1069, *cert den* 361 US 867 (1959) (quoting 1 Freeman, *Judgments* 284, § 146 (5th ed)).

decision is governed by the signed order, regardless of the evidence of the judge's contrary intent. *State v. Swain/ Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974); *State v. Morgan*, 104 Or App 62, 798 P2d 1113 (1990). The rationale for this rule is that, between the time of the hearing and the signing of the judgment, the sentencing judge may change his or her mind as to the appropriate sentence. However, we have recognized a limited exception where, because of an obvious clerical error, the judgment is internally inconsistent and ambiguous on its face. *State v. Cardwell*, 48 Or App 93, 615 P2d 1198 (1980); *see also State v. Mossman*, 75 Or App 385, 706 P2d 203 (1985). In such instances, we may look at the record to determine the court's true intent and instruct the trial court to modify the sentence accordingly.

That exception applies here because the judgment places defendant in gridblock 6-I, calling for presumptive probation and a maximum of 90 days in jail, but also orders that defendant serve an 18-month term of imprisonment. As noted above, the parties agree that the error was clerical. Our examination of the record reveals that, after explaining why he was unwilling to depart either upward or downward from the sentencing guidelines, the trial judge imposed sentence on each of the four counts, including a 60-day jail term for Count 4. After defense counsel advised him that a jail term may not be served consecutively to the prison terms imposed on Counts 1, 2 and 3, the judge clarified his ruling on Count 4 and sentenced defendant to "60 days prison, in custody of the Department of Corrections."

On the basis of the trial court's statements during sentencing, we conclude that defendant was sentenced to 60 days imprisonment, to be served consecutive to the sentences imposed for Counts 1, 2 and 3. We remand for entry of a corrected judgment deleting the 18-month sentence and imposing a 60-day sentence on the conviction of attempted sexual abuse.

Defendant's second unpreserved claim of error is not an error of law apparent on the face of the record and, thus, is not subject to review.

Convictions affirmed; remanded for entry of corrected judgment on conviction of attempted sexual abuse.

**RIGGS, J.,** concurring.

I concur for the reasons stated in my concurrence in *State v. Jones*, 129 Or App 413, 417-19, 879 P2d 881 (1994).