Argued and submitted June 24, affirmed September 7, 1994, petition for review denied January 24, 1995 (320 Or 508)

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES SPIVAK,
*Appellant.*

## (DA366928: CA A80969)

880 P2d 964

David L. Smedema, Judge pro tempore.

Ann B. Witte argued the cause and filed the brief for appellant.

R. Victoria Roe, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

On March 14, 1988, a group of six children were shouting obscenities in front of defendant's residence. Defendant pointed a revolver at the children to frighten them away. He was charged with six counts of violating ORS 166.190.[1] A jury found him guilty on all counts. At sentencing, the court imposed three years of probation and certain firearm restrictions. Defendant appealed, and we affirmed without opinion. *State v. Spivak*, 103 Or App 486, 797 P2d 1082, *rev den* 311 Or 60 (1991).

After completing his sentence, defendant filed a motion to set aside a conviction pursuant to ORS 137.225.[2] The state objected. The court, in a letter opinion, held that "review of the file demonstrates six jury convictions." Defendant appeals, and we affirm.

Defendant assigns as error the court's denial of his motion. The issue is whether the court merged the six counts when it entered the judgment of conviction against defendant. If it did not, then ORS 137.225(6)(b) precludes expunction.[3] Defendant argues that the sentencing court merged

---

[1] ORS 166.190 provides, in part:

"Any person over the age of 12 years who, with or without malice, purposely points or aims any loaded or empty pistol, gun, revolver or other firearm, at or toward any other person within range of the firearm, except in self-defense, shall be fined upon conviction in any sum not less than $10 nor more than $500, or be imprisoned in the county jail not less than 10 days nor more than six months, or both."

[2] ORS 137.225 provides, in part:

"(1)(a) At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction; * * *

"* * * * *

"(5) The provisions of (1)(a) of this section apply to a conviction of:

"* * * * *

"(d) A misdemeanor, including a violation of a municipal ordinance * * *."

[3] ORS 137.225(6) provides, in part:

"Notwithstanding subsection (5) of this section, the provisions of subsection (1) of this section do not apply to:

"* * * * *

"(b) A person convicted, within the 10-year period immediately preceding

each of the jury's guilty verdicts into one conviction, which permits him to have his conviction expunged under ORS 137.225.

We first examine the judgment. At the top of the judgment is the title, "COMPLAINT COURT RECORD AND JUDGMENT ORDER," which contains a section that requires the court to mark one of three boxes. The first box asks if there was a jury trial, the second box asks if the trial was waived, and the third box asks if there was a bench trial. The court marked the "Trial by Jury" box. On the same row is the word "Finding" with a blank immediately after it. There, the court handwrote, "Jury G I, II, III, IV, V & VI."

Defendant does not point to any language in the judgment that suggests that the court merged the convictions. Instead, defendant relies on certain statements made by the sentencing court:

> "How about if I treat it as one matter for sentencing purposes? * * * What's the matter if we treat it as one incident for sentencing purposes?"

In determining what a court has decided, however, we look to the signed judgment, not to statements made in court. *State v. Morgan*, 104 Or App 62, 65, 798 P2d 1113 (1990). Even if we assume that the judgment is ambiguous, the sentencing court's statements do not assist defendant's interpretation.[4] ORS 161.062(2), in effect at the time when defendant was convicted, provides, in part:

> "[W]hen the same conduct or criminal episode violates only one statutory provision, but involves two or more victims, there are as many separately punishable offenses as there are victims."

Because the jury found defendant guilty of pointing a firearm at six children, there were six victims. In the light of ORS 161.062(2), we interpret the sentencing court's statement, "treat it as one matter for sentencing purposes," to

---

the filing of the motion pursuant to subsection (1) of this section, of *any other offense* * * *." (Emphasis supplied.)

[4] Unless the judgment is somehow ambiguous, we generally do not review the record to determine the court's intent. *State v. Cardwell*, 48 Or App 93, 97, 615 P2d 1198 (1980).

mean that the court entered six convictions and merged only the sentences. That was within the court's authority. *See, e.g., State v. Crotsley*, 308 Or 272, 277 n 4, 278, 779 P2d 600 (1989); *see also State v. Eastman*, 112 Or App 256, 259-60, 828 P2d 484 (1992).

Defendant's remaining arguments are without merit.

Affirmed.