Argued and submitted December 18, 1995, reversed and remanded with
instructions March 27, 1996

## In the Matter of the Marriage of

### Merial E. SEELEY,
*Respondent,*
*and*

### Garry K. SEELEY,
*Appellant.*

## (90C-31848; CA A86539)

914 P2d 25

Clayton C. Patrick argued the cause for appellant. With him on the brief was Patrick & Meadowbrook.

Kim E. Hoyt argued the cause for respondent. With her on the brief was Ferder, Brandt, Casebeer, Cooper, Hoyt & French, LLP.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

This post-dissolution contempt proceeding was brought by husband to enforce a provision of the dissolution judgment that required equal distribution of the family photographs. The only issue on appeal is whether the trial court erred in dismissing the matter after husband, relying on a written order, failed to appear at a meeting that the court had orally set for an earlier time. We reverse and remand.

At a post-dissolution hearing held on August 5, 1994, the trial court orally ordered the parties to meet at the courthouse at 8:00 a.m. on September 29, 1994, at which time they would be required to produce and distribute every family photograph in their possession. In his notes, husband's attorney mistakenly recorded the meeting time as 10:00 a.m. That mistake was then reflected in the resulting written order, which husband's attorney drafted. The order was served on wife's attorney, without objection. It was then signed by the trial court and entered.

At 8:00 a.m on September 29th, wife alone appeared at the courthouse. Anticipating a 10:00 a.m. meeting, wife's attorney, husband, and husband's attorney, did not appear. The court, citing the failure of the attorneys and husband to appear, ruled from the bench that the issue was closed. At 9:19 a.m., after wife had departed and the court had ruled, the court clerk telephoned husband's attorney to inform him that he had missed the meeting. Wife's attorney appeared at the courthouse at 10:00 a.m.

Husband's attorney brought to the trial court's attention the time stated in its written order, and attempted to have the meeting rescheduled. The court issued an order declaring that the dispute over the family photographs "is hereby brought to a closure and is finalized." That order also provides that the parties are entitled to retain whatever photographs are currently in their possession. Husband filed a motion under ORCP 71, asking the court to reconsider its order of dismissal in the light of the inadvertent inconsistency between the oral ruling and the written order that had set the meeting time at 10:00 a.m. That motion was denied.

On appeal, husband assigns error to both the order declaring the matter closed and the denial of his Rule 71 motion. Because of our conclusion, we need only address the order.

██ As noted above, the trial court ordered the matter closed because of husband's failure to appear at the 8:00 a.m. meeting, but husband did not attend that "meeting" because the court's written order had set the time at 10:00 a.m. Whatever the reason for the inconsistency in meeting times, the court was ultimately responsible to see that its written order accurately reflected its ruling. When there is a discrepancy between a court's oral statement and its written order, the written order controls.[1] *Haynes v. Burks*, 290 Or 75, 94, 619 P2d 632 (1980); *State v. Swain / Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974). Accordingly, the meeting time was 10:00 a.m., as written in the court's order. Because there was no 8:00 a.m. meeting for husband to attend, he cannot be penalized for having "failed" to appear at that hour.

Reversed and remanded with instructions to reschedule photograph distribution meeting. Costs, not including attorney fees, to husband.

---

[1] A limited exception to that rule is recognized when an "obvious clerical error" has rendered the written order "internally inconsistent and ambiguous on its face. In such instances, we may look at the record to determine the court's true intent[.]" *State v. Rood*, 129 Or App 422, 426, 879 P2d 886 (1994) (citations omitted). Because there is no inconsistency or ambiguity in the written order, that exception does not apply in this case.