Argued and submitted December 13, 2004, reversed February 2, 2005

STATE OF OREGON,
*Appellant,*

*v.*

KRISTA DANIELLE JANSEN,
*Respondent.*

D9901083M; A124306

105 P3d 928

David J. Amesbury, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Landau, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

.

**LANDAU, P. J.**

In this special statutory proceeding, the state appeals an order granting defendant's motion to set aside her convictions for forgery and theft. The state argues that the trial court erred in granting the motion because defendant had multiple convictions within the preceding ten years. We agree and reverse.

The relevant facts are not in dispute. Defendant pleaded guilty and was convicted of second-degree forgery and third-degree theft in October 2000. Both charges arose out of the same criminal episode. Three years later, defendant moved for an order setting aside the convictions. At the hearing on the motion, the state argued that defendant was not eligible to have the convictions set aside because she had more than one criminal conviction within the ten-year period immediately preceding the filing of the motion. The trial court granted defendant's motion and entered the order. The court acknowledged that the applicable statute provides that such an order is not available to persons having multiple convictions within ten years of filing the motion and that defendant had two convictions within the last ten years. The court then explained to defendant that "[w]hat I'm going to do is merge these two offenses, find that you qualify and grant your motion." In the order granting defendant's motion, however, there is no mention of merger of the convictions. On appeal, the state argues that defendant simply was not eligible to have her convictions set aside.

ORS 137.225(1)(a) provides that, subject to various exceptions, "[a]t any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court * * * may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction." One of the exceptions is that such an order is not available to "[a] person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense * * * whether or not the other conviction is for conduct associated

with the same criminal episode that caused the arrest or conviction that is sought to be set aside." ORS 137.225(6)(b).

We have held that ORS 137.225(6)(b) means what it says. In *State v. Adams*, 57 Or App 725, 646 P2d 37 (1982), the defendant had been convicted of three drug offenses arising out of the same criminal episode. Two of the offenses had been merged, but not the third. The defendant later moved to expunge the remaining two convictions. The trial court granted the motion, and we reversed. *Id.* at 727. The trial court apparently had attempted to effect a post-conviction merger of the two convictions. We explained:

> "The statute specifically excludes from the benefits of expunction any person with more than one conviction within the previous ten-year period, even if the convictions occurred in the same action. Defendant was convicted of two offenses within the ten-year period immediately preceding his motion and was ineligible for expunction. The trial court had no authority * * * to reexamine these convictions."

*Id.* at 729; *cf. State v. Spivak*, 130 Or App 153, 155-57, 880 P2d 964 (1994), *rev den*, 320 Or 508 (1995) (order to set aside not available for six convictions arising from the same criminal episode even when the convictions were "merged" for sentencing purposes).

In this case, as in *Adams*, defendant had more than one conviction within ten years preceding her motion to set aside. The trial court's purported post-conviction "merger" of the convictions was without effect. ORS 137.225(6)(b) applies. It necessarily follows that the trial court erred in granting defendant's motion.

Reversed.