Argued and submitted March 1, reversed June 13, 2007

# STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

# TYLO DEAN HARTFORD,
*Defendant-Respondent.*

Washington County Circuit Court
C030439CR; A131974

161 P3d 331

Christina M. Hutchins, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Carson, Senior Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Pursuant to ORS 137.225, the trial court granted defendant's motion to set aside the record of his arrest for burglary in the first degree, ORS 164.225. The state appeals, arguing that the trial court erred in setting aside defendant's arrest record because he had been convicted of another crime within the preceding 10 years and, therefore, ORS 137.225(6)(b) precluded the trial court's order. We agree and reverse.

The facts are undisputed. In November 2002, defendant was convicted of theft in the third degree, ORS 164.043. In February 2003, defendant was arrested for burglary in the first degree, ORS 164.225. A few days later, the state dismissed the burglary charge. In October 2005, defendant filed two motions, pursuant to ORS 137.225(1), to set aside the record of his November 2002 theft conviction and to set aside the record of his February 2003 arrest. The trial court granted both motions. On appeal, the state argues that defendant was not eligible to have the record of his arrest for burglary set aside. Defendant did not respond to the state's appeal.

The sole issue before us is whether ORS 137.225(6)(b) precludes the trial court from setting aside the record of defendant's arrest for burglary in the first degree. We hold that it does.

Our analysis begins with ORS 137.225(1)(b), which governs generally the court's authority to set aside records of arrests. It provides, in part:

> "At any time after the lapse of one year from the date of any arrest, if no accusatory instrument was filed, or at any time after an acquittal or a dismissal of the charge, the arrested person may apply to the court * * * for entry of an order setting aside the record of such arrest."

However, ORS 137.225(1)(b) is subject to the exception provided in ORS 137.225(6), which provides, in part:

> "[T]he provisions of subsection (1) of this section do not apply to:
>
> "* * * * *

"(b)  A person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense, excluding motor vehicle violations, whether or not the other conviction is for conduct associated with the same criminal episode that caused the arrest or conviction that is sought to be set aside. Notwithstanding subsection (1) of this section, *a conviction which has been set aside under this section shall be considered for the purpose of determining whether this paragraph is applicable*[.]"

(Emphasis added.)

In *State v. Jansen*, 197 Or App 251, 105 P3d 928 (2005), we concluded that the trial court erred in setting aside records of the defendant's conviction under ORS 137.225(1)(a), because the "defendant had more than one conviction within ten years preceding her motion to set aside" and therefore, under ORS 137.225(6)(b), the record of the defendant's conviction was not eligible to be set aside. *Id.* at 254.

Here, as in *Jansen*, ORS 137.225(6)(b) unambiguously precludes the trial court from setting aside the record of defendant's arrest.[1] ORS 137.225(6)(b) specifically states that the provisions of ORS 137.225(1) do not apply to a person who was convicted of any other offense within the previous 10-year period, even if the record of that conviction "has been set aside under [ORS 137.225(1)]." Here, defendant had a November 2002 conviction for theft when he moved for an order setting aside his February 2003 arrest for burglary. Although the trial court previously had set aside the record of defendant's theft conviction, ORS 137.255(6)(b) expressly provides that such convictions "shall be considered for the purpose of determining whether [ORS 137.225(6)(b)] is applicable." Therefore, defendant had a conviction within the 10-year period immediately preceding the filing of his motion to set aside the record of the burglary arrest. Accordingly, the

---

[1] The issue in *Jansen* involved a motion to set aside a record of *conviction* under ORS 137.225(1)(a). In this case, the issue involves defendant's motion to set aside a record of *arrest* under ORS 137.225(1)(b). The exception in ORS 137.225(6) applies equally to motions to set aside records of convictions, ORS 137.225(1)(a), and motions to set aside records of arrests, ORS 137.225(1)(b).

trial court erred in granting defendant's motion to set aside the record of his arrest for burglary.

Reversed.