242 P.3d 721 (2010)
238 Or. App. 360
STATE of Oregon, Plaintiff-Respondent,
v.
Adam Squires THOMAS, Defendant-Appellant.
01FE0370AB; A142623.
Court of Appeals of Oregon.
Submitted June 17, 2010.
Decided November 3, 2010.
*722 Andrew S. Chilton and Chilton & Galli, LLC, filed the brief for appellant.
John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.
Before BREWER, Chief Judge, and EDMONDS, Senior Judge.
BREWER, C.J.
Defendant was convicted of two counts of aggravated murder and two counts of conspiracy to commit aggravated murder, all of which involved the murder of a single victim. He appealed, assigning error to the trial court's failure to merge all of the convictions into a single conviction for aggravated murder. Defendant conceded that he had failed to preserve his assignment of error before the trial court, but urged that we review it as plain error. We agreed, vacated defendant's convictions, and remanded the case to the trial court with instructions to enter a single conviction for aggravated murder. State v. Thomas, 208 Or.App. 492, 144 P.3d 942 (2006).
In the instant appeal, defendant argues that the trial court failed to follow our instructions on remand because, although it contained language merging defendant's convictions for two counts of aggravated murder and two counts of conspiracy to commit aggravated murder, the judgment on remand nevertheless imposed separate concurrent sentences on each of the four convictions. Defendant again concedes that he failed to preserve his argument in the trial court, but urges that we exercise our discretion to correct the error because it is plain. The state replies that the judgment "is internally inconsistent," and that, although "it appears to be incorrect in some respects," it is correct in others and thus any error is not "plain error." The state also argues that we should decline to exercise our discretion to correct any error because defendant is serving a "true life" sentence under ORS 163.105, and because defendantthrough his serial failure to make his arguments to the trial court and his failure to move for correction of the judgment under ORS 138.083(1)(a)has shown no interest in being properly sentenced.[1]
Defendant correctly asserts that a failure to merge convictions for aggravated murder arising out of the murder of a single individual is plain error. See State v. Barrett, 331 Or. 27, 10 P.3d 901 (2000). We reject the state's argument that the error is not plain because the judgment is "internally inconsistent." As we understand it, the state's argument goes to the "apparent on the face of the record" prong of the test for determining when error is "plain"; viz., the state's position is that the judgment at issue here is so confusing that any error within it does not appear "on the face of the record." See Ailes v. Portland Meadows, 312 Or. 376, 382, 823 P.2d 956 (1991) (explaining that unpreserved error must appear "on the face of the record").
We disagree. As the court explained in Ailes, an error appears "on the face of the record" when there is no need for the reviewing court to go "outside the record to identify the error or [to] choose between competing inferences, and the facts constituting the error [are] irrefutable." Id. The amended judgment in this case is not so inscrutable as to require us to go beyond the record to identify the error, nor do we discern any competing inferences in the amended judgment that require us to consider facts outside the record. Our disposition of defendant's *723 first appeal required the trial court to enter a single conviction for aggravated murder and, concomitantly, a single sentence thereon. The trial court instead entered four concurrent sentences on four counts after having merged those four counts into a single conviction. In short, the trial court's error is apparent on the face of the amended judgment.
We reject the state's argument that we should decline to exercise our discretion to correct the error because defendant is serving a "true life" sentence. As we explained in State v. Wilkins, 175 Or.App. 569, 586, 29 P.3d 1144 (2001), although the interest of a defendant serving a life sentence in correcting an error that would not shorten that sentence might be minimal, "it would be difficult to say that the state has any strong interest in maintaining the additional erroneous convictions." Moreover, although defendant did repeatedly fail to preserve arguments, we cannot conclude, on the record before us, that defendant has no interest in being lawfully sentenced.
Similarly, defendant's failure to seek entry of a corrected judgment under ORS 138.083(1)(a) is not dispositive. See, e.g., State v. Rood, 129 Or.App. 422, 879 P.2d 886 (1994) (exercising discretion to correct clerical error despite defendant's failure to move under ORS 138.083). Under certain circumstances, we have declined to exercise our discretion to correct an error where the defendant failed to seek relief under ORS 138.083(1)(a). See, e.g., State v. Slawson, 123 Or.App. 573, 860 P.2d 876 (1993) (declining to exercise discretion to correct plain error where that error was "clerical" and thus more properly addressed by a motion under ORS 138.083). Here, it appears that the trial court simply added language merging defendant's convictions for aggravated murder and conspiracy to commit aggravated murder to the original judgment, without deleting the language imposing separate concurrent sentences on each of those counts. That is the kind of error that we have considered to be "clerical error" for purposes of ORS 138.083(1)(a). See, e.g., Rood, 129 Or.App. at 426, 879 P.2d 886 (trial court ordered three consecutive 60-day sentences but written judgment imposed 18 months' incarceration); Slawson, 123 Or.App. at 576, 860 P.2d 876 (trial court orally pronounced 36 months' post-prison supervision but written judgment imposed 60 months). However, we conclude that, in this case, judicial efficiency weighs in favor of our correcting the error in this proceeding rather than affirming a plainly erroneous sentence with the surmise that defendant might, at some time in the future, seek modification of the judgment under ORS 138.083(1)(a). Accordingly, we remand for resentencing on a single conviction of aggravated murder.
Reversed and remanded with instructions to enter a judgment of conviction for one count of aggravated murder reflecting that defendant was found guilty on two theories and for resentencing; otherwise affirmed.
NOTES
[1] ORS 138.083(1)(a) provides:

"The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."