STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTIN MICHAEL WALLACE,
*Defendant-Appellant.*

Douglas County Circuit Court
10CR1291FE; A153211

344 P3d 1113

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jamie Contreras, Assistant Attorney-in-Charge, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction on six counts of aggravated murder and one count each of first-degree rape, first-degree sexual abuse, and first-degree unlawful sexual penetration, all involving a single victim. In his first six assignments of error, defendant argues that the trial court erred in denying his motions for judgment of acquittal of each of the six aggravated murder counts. We reject those assignments of error without written discussion.

Defendant also assigns error to the trial court's failure to merge the six guilty verdicts for aggravated murder into a single conviction for aggravated murder. At sentencing, the state first agreed that the verdicts should merge but then stipulated to merger only "[f]or sentencing purposes." The trial court entered a judgment of conviction on each of the six counts of aggravated murder with concurrent sentences. Defendant argues that the trial court erred in failing to merge the aggravated murder verdicts into a single conviction for aggravated murder, *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), and that, if we conclude the error was not preserved, we should correct it as plain error, ORAP 5.45(1). The state concedes that the trial court plainly erred in failing to merge the guilty verdicts on the aggravated murder counts into a single conviction that lists all six aggravating factors. We agree, accept the state's concession, and conclude for the reasons stated in *State v. Thomas*, 238 Or App 360, 363, 242 P2d 721 (2010), that it is appropriate to exercise our discretion to correct the plain error. *See Thomas*, 238 Or App at 363 (concluding that sentencing court plainly erred by imposing separate concurrent sentences on multiple aggravated merger convictions that should have been merged under ORS 161.067 and exercising discretion to correct the error because the state does not have an interest in maintaining additional erroneous convictions, the defendant has an interest in being lawfully sentenced, and judicial efficiency weighs in favor of correcting the error).

Reversed and remanded with instructions to merge the convictions on Counts 1 through 6 into a single conviction for aggravated murder that reflects defendant was found guilty on six theories and for resentencing; otherwise affirmed.